# Douglass, Appellant, *v.* New York Central & Hudson River Railroad Company.

*Negligence—Railroads — Master and servant—Locomotive engineer—Defective appliance—Proximate cause.*

In an action by a locomotive engineer against his employer, a railroad company, to recover damages for personal injuries, it appeared that prior to the accident the oil pipe of the locomotive which plaintiff was running had burst at a point where it came out from under, or through the jacket of the boiler near the smokestack. The pipe was used to carry oil from a reservoir inside of the cab to the valve upon the steam chest. In consequence of it having burst the oil ran out and the valve was not supplied with oil, but in order so to supply it the plaintiff while the engine was drifting down grade, having gone through the window of the cab, stepped upon the narrow footway alongside of the boiler, walked to a point near the steam chest and there stooping down, with a hand oiler poured the oil into the valve. Having done so he returned to the cab and just as he reached its entrance his foot slipped, and he fell forward into it, striking the water gauge inside of the cab. By the blow thus given the gauge was thrown open, causing boiling water and superheated steam to pour into plaintiff's shoe and seriously injured him by burning his foot. *Held,* that the defective pipe was not the proximate cause of the accident, and that binding instructions for defendant were proper.

The injury must be the natural and probable consequence of the negligent act without probable foresight, and if the facts as to the cause of the injury are not disputed the question of proximate cause becomes one of law for the determination of the court.

MITCHELL, C. J., dissents.

Argued April 19, 1904.   Appeal, No. 63, Jan. T., 1904, by plaintiff, from judgment of C. P. Clearfield Co., May T., 1903, No. 129, on verdict for defendant in case of Wilbur F. Douglass v. New York Central and Hudson River Railroad Company, Lessee.   Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
The facts are stated in the opinion of the Supreme Court.
At the trial binding instructions were given for defendant.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*David L. Krebs,* of *Krebs & Liveright,* with him *Harris & Urey,* for appellant, cited on the question of proximate cause : Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293, 297 ; West Mahonoy Twp. v. Watson, 116 Pa. 344, 350 ; South-Side Passenger Ry. Co. v. Trich, 117 Pa. 390, 399.

*Thomas H. Murray* and *Hazard Alex. Murray,* with them *James P. O'Laughlin,* for appellee, cited on the question of proximate cause : Penna. R. R. Co. v. Hope, 80 Pa. 373 ; Haverly v. State Line, etc., R. R. Co., 135 Pa. 50 ; Thomas v. Central R. R. Co., 194 Pa. 511 ; Quinlan v. Philadelphia, 205 Pa. 309 ; Webster v. Monongahela River Consolidated Coal & Coke Co., 201 Pa. 278 ; Penna., etc., Canal & R. R. Co. v. Lacey, 89 Pa. 458 ; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122 ; Fairbanks v. Kerr, 70 Pa. 86 ; Oil Creek, etc., Ry. Co. v. Keighron, 74 Pa. 316 ; Potter v. Gas Co., 183 Pa. 575, 589.

OPINION BY MR. JUSTICE THOMPSON, May 2, 1904 :
As the injury received by appellant and for which this suit was brought was not immediately caused by a defect in the ma-

chinery about which he had been working he was not entitled
to recover.   Appellant was, at the time of the accident, in the
employment of the appellee as a locomotive engineer and had
been so employed for upwards of ten years.   The oil pipe of
the locomotive which he was then running had burst just at
the point where it came out from under or through the jacket
of the boiler near the smokestack.   This pipe was used to
carry oil from a reservoir inside of the cab to the valve upon
the steam chest.   In consequence of it having burst the oil ran
out and the valve was not supplied with oil, but in order so to
supply it the appellant while the engine was drifting down
grade, having gone through the window of the cab, stepped
upon the narrow footway alongside of the boiler, walked to a
point near the steam chest and there stooping down, with a
hand oiler poured the oil into the valve.   Having done so he
returned to the cab and just as he reached its entrance his foot
slipped, and he fell forward into it, striking the water gauge
inside of the cab.   By the blow thus given the gauge was
thrown open, causing boiling water and superheated steam to
pour into appellant's shoe and seriously injured him by burning
his foot.   The injury so received was not in consequence of
any defect of the pipe.   He had finished the oiling of the valve
and upon his return to the cab, slipped at its entrance, where
he struck the water gauge and knocked it open.   The heated
water and superheated steam scalded his foot and this caused
the injury.   The proximate cause was the slipping on the foot
board and the striking of the water gauge.   The mere fact
that he went out on the foot board to do the work of oiling the
valve and was returning from it when the accident occurred
cannot be successfully charged as the proximate cause, from
the defect in the pipe in question.   As the facts as to the cause
of the accident are not in dispute the question of the proxi-
mate cause of the same became one of law and not one for the
determination of the jury.   The test of the law in determining
proximate cause is plain and clear, namely whether the injury
is the natural and probable consequence of the negligence.
Assuredly the defect in the pipe did not cause the appellant to
slip, it did not throw him into the cab, it did not throw open
the water gauge and it did not cause the boiling water and
superheated steam to scald him.   The place where the injury

was caused was in the cab, in one part of the locomotive and the defect in the pipe was near the cylinder in another part of it. This defect was not the cause of the accident and was not so connected with it as to be its proximate cause and the fact of its defect was not linked with other facts so as to create a natural whole. It was not so connected and the chain of facts so essential to establish a proximate cause was clearly broken. This defect and the cause of the accident were distinctly independent, and the former cannot be said to have been the natural and probable cause of the injury. Assuredly the appellee could not have probably foreseen that in consequence of the defect in the pipe in question that appellant would slip on the board near the cab, that he would fall into it, that he would strike the water gauge, that the blow would open the gauge and that the heated water and superheated steam would rush into his shoe and scald him. If not the law will not pronounce such defect in the machinery the proximate cause of the injury. It is not the natural and probable consequence of such defect that he should slip on the board as he did and this mere possibility cannot be made the ground of liability.

Mr. Justice GREEN, in South-Side Passenger Railway Co. v. Trich, 117 Pa. 390, said: "It was certainly not a natural consequence of a person being upon the street that he would be struck by a runaway horse. Nor is there the slightest reason for saying that it would be a probable consequence. The utmost that can be said would be that such a consequence might possibly happen. But things or results which are only possible cannot be spoken of as either probable or natural. For the latter are those things or events which are likely to happen and which for that reason should be foreseen. Things which are possible may never happen, but those which are natural or probable are those which do happen and happen with such frequency or regularity as to become a matter of definite inference. To impose such a standard of care as requires, in the ordinary affairs of life, precaution on the part of individuals against all the possibilities which may occur, is establishing a degree of responsibility quite beyond any legal limitations which have yet been declared."

The rule is well settled that the injury must be the natural and probable consequence of the negligent act without probable

foresight, and if the facts as to the cause of the injury are not disputed the question of proximate cause becomes one of law for the determination of the court: West Mahonoy Township v. Watson, 116 Pa. 344; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293.

As the defect in the pipe in this case was not the proximate cause of the injury, it is unnecessary to discuss whether appellant, having continued to work in consequence of a threat of discharge, assumed the risk of it as one obvious and incidental to his employment.

The judgment is affirmed.

MITCHELL, C. J., dissents.