# Curry *v.* Atlantic Refining Company, Appellant.

*Negligence—Master and servant—Passageway—Duty to light—Obstructions—Contributory negligence.*

1. It is the duty of an employer to furnish his employees with a reasonably safe means of access to the premises where they are employed. This duty is not discharged where an employer fails to light a passageway in use by his employees, so as to disclose the presence of obstructions which are temporarily thereon.

2. In an action by an employee to recover damages for injuries alleged to have been caused by defendant's failure to provide a safe means of access to his place of employment, the question of defendant's negligence and plaintiff's contributory negligence are for the jury where it appears that plaintiff was injured by running against a temporary obstruction in an unlighted passageway, which he was required to use, at night time; that plaintiff had no reason to know that the passageway was dangerous, and did not see the obstructions; and that while it may have been customary to place such bars as those which caused the injury in the passage, they were as a rule cleared away before night.

Argued Jan. 6, 1913. Appeal, No. 170, Jan. T., 1912, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1909, No. 1878, on verdict for plaintiff in case of William H. Curry v. Atlantic Refining Company.

Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEW-
ART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before AUDENRIED, J.

The facts are stated in the opinion of the Supreme
Court.

The jury rendered a verdict in favor of the plaintiff
for $3,500.00.

Defendant subsequently made a motion for judgment
n. o. v. and for a new trial, which motions were over-
ruled and judgment entered on the verdict.   Defendant
appealed.

*Error assigned* was, inter alia, the action of the court
in refusing judgment for defendant n. o. v.

*Reynolds D. Brown* and *Malcolm Lloyd, Jr.,* for ap-
pellant.—Plaintiff was not entitled to recover because
he did not explain how the accident happened:   Eigen-
brodt v. Williamsport, 44 Pa. Superior Ct. 437.

No negligence was shown: Pawling v. Hoskins, 132
Pa. 617; Kerrigan v. Railroad Co., 194 Pa. 98.

Plaintiff was guilty of contributory negligence: Dela.,
Lack. & Western Railroad Co. v. Cadow, 120 Pa. 559.

Plaintiff assumed the risk: Donovan v. American
Linen Co., 180 Mass. 127 (61 N. E. Repr. 808); Mc-
Carthy v. Shoneman, 198 Pa. 568; Kaare v. Troy Steel &
Iron Co., 139 N. Y. 369 (34 N. E. Repr. 901); McAleenan
v. Myrick, 68 Ill. App. 225; Clark v. Murton, 63 Ill.
App. 49; McDonnell v. Illinois Cent. Ry. Co., 105 Ia. 459
(75 N. W. Repr. 482); Murphy v. Greeley, 146 Mass.
196 (15 N. E. Repr. 654); Feely v. Cordage Co., 161
Mass. 426 (37 N. E. Repr. 368); Balle v. Detroit Leather
Co., 73 Mich. 158 (41 N. W. Repr. 216).

*Walter H. Fenimore,* with him *Peter M. MacLaren,*
for appellee.—Plaintiff was entitled to every inference

of fact in his favor, which the jury could have found from the evidence: McBride v. Cramp & Sons Ship & Engine Co., 48 Pa. Superior Ct. 459.

The evidence was sufficient to justify the submission of the case to the jury: McBride v. Cramp & Sons Ship & Engine Co., 48 Pa. Superior Ct. 459; Philadelphia & Reading R. R. Co. v. Huber, 128 Pa. 63; Madden v. Lehigh Valley R. R. Co., 236 Pa. 104; Combs v. Del. & Atl. Tel. & Tel. Co., 218 Pa. 440; Barry v. Steel Co., 234 Pa. 367; Lillie v. Am. Car. & Foundry Co., 209 Pa. 161; Finnerty v. Burnham, 205 Pa. 305; New v. Milligan, 27 Pa. Superior Ct. 516; Clegg v. Seaboard Steel Casting Co., 34 Pa. Superior Ct. 63; Cannon v. The Protos,. 48 Fed. Repr. 919; Dorney v. O'Neill, 60 N. Y. App. Div. 19 (69 N. Y. Supp. 729); Stewart v. Central R. R. Co. of N. J., 235 Pa. 311; McDonald v. Lehigh Valley R. R. Co., 236 Pa. 541; Payne v. Reese, 100 Pa. 301; Conley v. Lincoln Foundry Co., 14 Pa. Superior Ct. 626; Hickey v. Casting Co., 212 Pa. 255; Bennett v. Glass Co., 158 Pa. 120; Gilbert v. Elk Tanning Co., 221 Pa. 176; Henessey v. Wabash Mills Co., 235 Pa. 31.

Plaintiff was not guilty of contributory negligence: Esher v. Mining Co., 28 Pa. Superior Ct. 387; Bardsley v. Gill, 218 Pa. 56; Stonecipher v. Booth & Flinn, 51 Pa. Superior Ct. 50.

In any event the question of contributory negligence was for the jury: Hurst v. Reading Abattoir Co., 235 Pa. 548; Weaverling v. Thropp, 237 Pa. 163; Kuntz v. New York, Etc., R. R. Co., 206 Pa. 162; Smith v. Tube Co., 183 Pa. 485; Johnson v. Bruner, 61 Pa. 58; Hamill v. Christiana Boro., 49 Pa. Superior Ct. 371; Powell v. Wilhelm, 49 Pa. Superior Ct. 268; Barry v. Steel Co., 234 Pa. 367; Valjago v. Steel Co., 226 Pa. 514; Robson v. Lehigh Valley R. R. Co., 236 Pa. 89; Hurst v. Reading Abattoir Co., 235 Pa. 548; Madden v. Lehigh Valley R. R. Co., 236 Pa. 104.

OPINION BY MR. JUSTICE POTTER, February 24, 1913:

Counsel for appellant contend that the questions involved in this case should not have been submitted to the jury. They urge that the trial judge erred in refusing to direct a verdict for the defendant, and in declining to enter judgment for defendant non obstante veredicto. It is argued that the plaintiff did not show how the accident happened. It does, however, appear clearly from the evidence that the plaintiff had been employed by the defendant company for about three months prior to the date of the accident which occcurred on June 24, 1908. That on the night in question he had occasion to reach a point about one hundred feet east of the boiler shop in which he was engaged. While passing along a small railroad track, which there was evidence to show was the usual path, the plaintiff tripped upon some iron bars which obstructed the way, and fell upon a wheelbarrow, receiving serious injuries. The night was dark and rainy, and it appears that the plaintiff did not at the time see the obstructions or know what they were, but he testified that the passage was obstructed by movable articles, and that they caused his fall. There was other evidence to show what the obstructions were. The negligence charged was the failure to have the pathway sufficiently lighted at the time, so that any obstructions thereon might be seen and avoided by any one having occasion to use it. The evidence is sufficient, we think, to justify the jury in inferring that the plaintiff tripped over iron bars which had been left in the dark passageway, in which the plaintiff deemed it necessary to travel. It is the duty of an employer to furnish his employees with reasonably safe means of access to and egress from the premises where they are employed. Under the circumstances shown, it can hardly be said as a matter of law that this duty was discharged, when the employer failed to light the pathway in question in such a manner as to fairly disclose the presence of obstructions temporarily thereon. Whether or not the defendant com-

pany fulfilled its duty in this respect was a question of fact for the jury. So too with respect to the question of contributory negligence by the plaintiff. While the night was dark, it was not shown that he had any reason to suppose that the passageway was hazardous. It was used as a means of entrance to and exit from the shop, and he may very well have presumed that it was in a reasonably safe condition for travel. We cannot say that he was obliged to anticipate the presence of obstructions which were not usually to be found there at night. One of the witnesses testified that while it was not unusual to place bars on the track, such as those which it is alleged caused the plaintiff to trip, yet when they were so placed they were as a rule cleared away before night. We think the question of plaintiff's contributory negligence was for the jury, to be determined by them in the light of all the evidence bearing upon the prudence or imprudence of the plaintiff in his actions at the time, and in pursuing the course which he followed. The inferences to be properly drawn from the facts were not so clear as to justify the court in pronouncing upon them as a matter of law. The case was submitted to the jury in a charge which covered carefully and completely all the points involved, and to which no reasonable exception could be taken.

The assignments of error are overruled, and the judgment is affirmed.