## Jones *v.* Pennsylvania Company, Appellant.

*Negligence—Railroads—Alighting from car—Insufficient light on platform—Conflicting testimony.*

In an action by a passenger against a railroad company to recover damages for personal injuries sustained while alighting from a car at a station, the case is for the jury, where the plaintiff testifies that the place at which she slipped was dark, and there was no light on the platform, while the conductor of the train testifies that there were eight large electric bulbs in the body of the car, and one small light immediately over the steps, and the brakeman testifies that the car platform was well lighted, but there is no testimony to show the relative position of the station lights to the platform of the car from which plaintiff alighted.

Argued April 28, 1915. Appeal, No. 165, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1913, No. 1280, on verdict for plaintiff in case of Sarah M. Jones v. Pennsylvania Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.—There was no case for the jury: Hoffman v. Philadelphia Rapid Transit Co., 214 Pa. 87; P. & R. R. Co. v. Hummell, 44 Pa. 375; Rothchild v. Central R. R. of New Jersey, 163 Pa. 49.

No printed brief for appellee.

OPINION BY TREXLER, J., July 21, 1915:

The plaintiff, a passenger on a train operated by the defendant, arrived at Pittsburgh about 9:15 p. m. Whilst in the act of alighting from the train, she slipped on the step of the car and suffered the injuries for which she now brings suit. Her claim is that the place was not sufficiently lighted so as to enable her to safely get off the car and because of the insufficiency of the light, she slipped on a grease spot on the platform which, had the platform been properly lighted, she would have seen and avoided. Her testimony is to the effect that the place at which she slipped was dark, that there was no light on the platform. The conductor of the train testified that there were eight large electric light bulbs in the body of the car and one small light immediately over the steps. The brakeman testified that the car platform was well lighted. There was some testimony that the station platform was well lighted but the relative position of the station lights to the platform of the car was not brought out by the testimony. In fact the only positive testimony in the case as to the means employed to light the platform was that of the conductor who testified to the little light over the steps of the car. As we have said before the plaintiff testified there was no light. Her testimony was not very explicit and somewhat inconsistent, but the real purport of her story was for the jury. We cannot say that her evidence as to the platform being poorly lighted was of such a character to justify the court in giving binding instructions for the defendant. The appellant relies upon the case of Rothchild v. Central Railroad of New Jersey, 163 Pa. 49, but the circumstances in that case can, we think, be distinguished from those in the present one. There the proof was such as to entirely negative the idea that the light upon the station platform was dim. Having fixed the place of the accident and the location of the light, these two facts were not reconcilable with the story of the plaintiff that the platform was not lighted and the court

granted a nonsuit for the reason that there was no evidence of negligence. The platform of a car lighted by a small bulb which the jury could readily infer from the testimony of the plaintiff was not burning or had become dimmed presents a different aspect. It is true the case presented by the plaintiff was weak, but there was enough in her case to require the court to pass it to the jury to determine as to the credibility of her narrative.

The jury having accepted her version of the affair, the court was right in refusing to enter judgment for the defendant n. o. v. The judgment is affirmed, appellant for costs.