## Trout, Appellant, *v.* Pennsylvania Railroad Co.

*Negligence—Damages—Erroneous instruction as to liability as affecting damages.*

An erroneous instruction as to defendant's liability in a negligence case will not be considered on appeal as having influenced the jury, so that although a verdict was entered against the defend-

ant the improper instructions may in some way have caused a reduction of the verdict. The presumption is that the jury arrived at its conclusion as to the amount of the damages by a consideration of the testimony bearing upon that subject, and not through any other consideration.

*Negligence—Damages—Loss of earning power—Evidence.*

In a negligence case the evidence is not sufficient to justify a jury in allowing anything for the loss of earning power, where it is in effect that the plaintiff with his wife's assistance carried on a flower business; that he had a net income therefrom of about $1,000 per annum; that after the accident he sold the business for an amount (not stated), because of a temporary mental condition, and thereafter assisted his father in butchering and receiving $8.00 per week; but without any evidence of the capital invested in the flower business, or what portion of his income was the result of his own labors as distinguished from the capital invested, and without any evidence that he was not able at the time of the trial to carry on the flower business.

Argued Nov. 15, 1916. Appeal, No. 274, Oct. T., 1916, by plaintiff, from judgment of C. P. Lancaster Co., Nov. T., 1914, No. 38, on verdict for plaintiff in case of Park H. Trout v. Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries and injuries to an automobile. Before HASSLER, J.

The opinion of the Superior Court states the case.

Verdict and judgment for $500. Plaintiff appealed.

*Errors assigned* were (1-21) various instructions.

*C. E. Montgomery,* with him *Frank S. Groff,* for appellant, cited as to earning power and profits: Goodhart v. Penna. R. R. Co., 177 Pa. 1; Wallace v. P. R. R. Co., 195 Pa. 127; McLane v. Pittsburgh Rys. Co., 230 Pa. 29; Boggess v. B. & O. R. R. Co., 234 Pa. 379; Olin v. Bradford, 24 Pa. Superior Ct. 7.

*John A. Nauman,* for appellee, cited as to earning power: Olin v. Bradford, 24 Pa. Superior Ct. 7.

OPINION BY TREXLER, J., April 16, 1917:

There are a number of assignments of error directed to the language which the learned trial judge employed in his charge to the jury. They have reference to the testimony in regard to the engineer blowing the whistle, the rate of speed of the engine, the distance at which the train could be seen, and the state of the weather and to the rules which the plaintiff was bound to observe before crossing the tracks. All these cease to be material in the present state of the case. The verdict of the jury presupposes that the defendant was negligent and that the plaintiff was free from any contributing fault: Jones v. Pennsylvania Co., 60 Pa. Superior Ct. 436. After the jury found these elements present in the case there remained but one duty and that was to fix the damages. The plaintiff secured the verdict but not being satisfied with its amount has appealed. Our only concern therefore is whether there appears any error which would have affected the amount of damages allowed. We cannot accede to the proposition that an erroneous instruction as to defendant's liability may influence the jury so that although a verdict be entered against the defendant the improper instructions may in some way cause a reduction of the verdict. The presumption is that the jury arrives at its conclusion as to the amount of the damages by a consideration of the testimony bearing upon that subject and not through any other considerations.

There remains but one other assignment for consideration and that is the alleged error of the court in instructing the jury as follows,—"There is not sufficient testimony here to justify you in allowing anything for the loss of earnings or earning power." It appears that the plaintiff with his wife's assistance carried on a flower business. He had a net income of about $1,000 per annum. After the accident he sold the business (no price

given), gave it up on account of his mental condition
and thereafter assisted his father in butchering and re-
ceived $8 per week as his wages.  Plaintiff's back, foot
and spine were hurt in the accident but he felt the loss
of his wife, most.  He suffered by reason of his mental
condition for a while.  He cannot tell how much busi-
ness he did.  He sold as high as $1,500 worth of carna-
tions and out-door flowers $500 to $700.  He paid $500
rent.  . There is no evidence as to the amount of capi-
tal invested in the business.  He stopped the business
because he was not capable of taking care of it owing
to his mental condition.  The rule of law laid down in
Goodhart v. Penna. R. R., 177 Pa. 1, is: "Profits derived
from an investment or the management of a business are
not earnings, and therefore profits of a business with
which one is connected cannot be made use of as a
measure of his earning power.  Such evidence might tend
to show the possession of business qualities but it does
not fix their values."  As was stated in Gilmore v. Phila-
delphia R. T. Co., 253 Pa. 543, following Boggess v.
Balto. & Ohio R. R. Co., 234 Pa. 379, this rule still pre-
vails, but there are certain exceptions to it as where one
"had been entirely deprived of the power to carry on a
business in which his personal labor and superintend-
ence were the major assets, or where one had died as the
result of his injuries, and the evidence showed regular
sums given his family which were earned in a business
that consisted principally of his labors and management,
we have permitted evidence concerning the net earnings
of the injured or deceased person on the theory that it
was the only way, under the peculiar circumstances of
the case, satisfactory to show earning power, but those
were exceptional cases."  In Boggess v. Balto. & Ohio
R. R. Co., supra, it is stated that the trucker or huckster
whose capital in business consists principally of a horse
and wagon and sufficient money to buy a load of produce
comes under the exception to the rule.  We are met with
this difficulty in the case before us that plaintiff who had

a greenhouse and seven acres of land rests his case upon the fact that he had made $1,000 net a year out of it. He does not attempt to show what portion of his income from the place was the result of his own labors as distinguished from the capital invested, nor does he show the amount of capital invested. He does not show how much he received when he sold out the business, in fact the only thing before the jury is his bald statement that he had a net income of $1,000 per year from the business. We do not think that he has brought himself within the line of cases which form the exception to the general rule. Another difficulty for the appellant is that he did not show that he is not able now to carry on such a business. His reason for abandoning the greenhouse and land was a mental condition, which was caused by reason of grief for his wife. This continued only for a while and the only present result in this respect is a partial loss of memory which it is not shown would incapacitate him from business pursuit, nor is there any evidence that following the butchering business as an assistant requires less physical ability than the flower business.

We are not convinced that the court was wrong in saying that there was no evidence sufficient to go to the jury on the question of earning capacity so far as the plaintiff himself was concerned.

All the assignments of error are overruled and the judgment is affirmed.