# Fissell et al., Appellants, *v.* Hines, Director General of Railroads.

*Negligence—Contributory negligence—Evidence—Sufficiency — Scintilla.*

In an action of trespass to recover damages for personal injuries, clear, positive testimony by the plaintiff and her witnesses that, before stepping from a railroad car in which she was a passenger, she had looked carefully, and, on account of the fact that it was very dark, she stepped into a hole between the car and the platform, with affirmative evidence that near-by lights were not lighted, amounted to more than a scintilla of evidence, and was sufficient, in the face of contradictory evidence on behalf of the defendant, to take the case to the jury on the question of negligence and contributory negligence.

There being a conflict in the testimony as to negligence, the case was for the jury; and, it having been properly submitted to them, it was error to enter judgment in favor of defendant non obstante veredicto.

Argued November 15, 1921. Appeals, Nos. 255 and 256, Oct. T., 1921, by plaintiffs, from judgment of C. P. Berks County, Dec. T., 1919, No. 38, for defendant non obstante veredicto, in the case of Margaret Fissell and J. H. Fissell, her husband, v. Walter D. Hines, Director General of Railroads. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before ENDLICH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiffs, in the sum of $384 for J. H. Fissell, and in the sum of $225 for Margaret Fissell. The court subsequently entered judgment for defendant non obstante veredicto. Plaintiffs appealed.

*Error assigned* was the order of the court entering judgment for defendant non obstante veredicto.

*John B. Stevens,* and with him *W. F. Marshall,* for appellants.—Plaintiffs' evidence was sufficient to require submission to the jury: Jones v. P. R. R. Co., 60 Pa. Superior Ct. 436; Twersky v. P. R. R. Co., 261 Pa. 6; Mack v. Railway Co., 247 Pa. 598.

*Thomas I. Snyder,* of *Snyder, Zieber & Snyder,* for Appellee.—The court was justified in entering judgment for defendant: D., L. & W. R. Co. v. Cadow, 120 Pa. 559; Rothchild v. C. R. R. of N. J., 163 Pa. 49.

OPINION BY ORLADY, P. J., March 3, 1922:

The plaintiffs brought suit in the form prescribed by the act of assembly to recover damages for personal injuries sustained by the wife, who was a passenger on a regular train, the allegation of negligence being that the station platform was not adequately lighted, so as to reasonably permit the passenger to see where she was stepping when alighting from the train. After submission to a jury, a verdict was rendered in favor of the plaintiffs. After argument—a rule for judgment non obstante veredicto was made absolute, and judgment entered for the defendant, to which plaintiffs excepted and separate appeals are brought for our review.

In the opinion upon which the court entered judgment for the defendant the controlling facts are stated, and upon which its judgment is entered, viz: "the arrangement, etc., of the lights just described is uncontradicted, as is also the fact that they were in good condition and lighted at the time of the accident. If accepted, it simply excludes the possibility of insufficient lighting. The only evidence opposing it is the assertion of Mrs. Fissell, her son-in-law, and her daughter that it was 'too dark,' 'not light enough to see.' In the absence of any complaint about the lighting at the time, this testimony, as against the effect of the evidence already pointed out as to the distribution, number, strength, etc., of the lights, can amount to no more than a scintilla, and hence does not

require submission to the jury nor stand in the way of judgment non obstante veredicto": Citing Fishing v. Scharadin, 186 Pa. 565, 568. It is conceded that the rules laid down, and frequently repeated in Mack v. Rys. Co., 247 Pa. 598; Twerskey v. R. R. Co., 261 Pa. 6; Smith v. Car Co., 262 Pa. 550; Jones v. R. R. Co., 60 Pa. Superior Ct. 436, require that all controverted or doubtful questions of negligence or contributory negligence should be submitted to a jury, but after an examination of the facts in this case the court was of the opinion that no negligence had been shown against the defendant, and hence the jury could not pronounce negligence, under authority of Brague v. Ry. Co., 192 Pa. 242, and it was held that the alleged negligence charged against the defendant had not been sufficiently proved for submission to the jury.

This is the controlling question of the case, and after examination of all the testimony, we cannot agree with the conclusion reached by the trial judge. A jury would have been warranted in finding as sufficiently proved, that on Christmas eve, 1918, Mrs. Fissell, with her daughter and son-in-law, boarded a train at the Reading Terminal, Philadelphia, for Reading, where a change of trains was to be made on their way to Harrisburg. They occupied seats in the rear passenger coach of a long train, which arrived at Reading about 9 p. m. It was raining hard at the time, and was very dark. Mrs. Fissell preceded her companions, and in descending from the coach she fell into a hole between its bottom step and the edge of the platform. She testified that she looked before making the step, and on account of the fact that it was very dark she stepped into the open space between the car and the platform, because she could not distinguish that space from the platform, and there received her injuries. The affirmative proof adduced by the plaintiff, which the jury would be warranted in accepting, established the fact that the car occupied by the plaintiff stopped 60 to 80 feet south

of the protected shed of the station platform. There was a light inside this shed, and one on a pole about 80 feet south of the shed, and opposite the middle of the car occupied by the plaintiff. There was a pole equipped with two 520-candle power incandescent lights, three feet apart, elevated about 18 feet above the platform, at or near the station end of the coach. Had these lights been burning the conclusion reached by the trial judge would be clearly right, but the plaintiff's testimony was clear and positive in regard to these pole lights.

George D. Van Kirk, a witness for the plaintiff testified: Q. Was there any light on the platform—that is, the station platform? A. Not at that particular spot, no. Q. Where was the light? A. Up towards the station the small lights under the train shed were lighted. Q. And did that throw a light down to the point of your alighting from the train? A. No, sir; it didn't throw sufficient light down to light up the platform at that point. Q. What kind of a night was it? A. Very rainy. On cross-examination he was asked. Q. You don't mean to tell this jury that there aren't two posts with electric lights on them on that platform? A. I don't mean to tell the jury that, but I mean to tell them that the lights were not lighted. Q. They were not lighted? A. There was no light there. Q. Did you see the electric light posts? A. Yes, sir, sure. I passed through Reading often enough to see those posts and know that they are there. Q. But that night they were not lighted? A. No, sir, they were not. Q. And they were absolutely dark? A. Not lighted, yes, sir. Q. Did you look up to see at the time whether they were lighted? A. We did; we looked around for light and remarked about it being so dark around there and not properly lighted to alight from the train at the place we did. Q. When did you see it? A. At the time of the accident we all remarked then about it. Q. But between you you remarked that there wasn't sufficient light there; and while there were two electric light poles there, on one of which there were two

lights—? A. Yes, sir. Q. These were not lighted at all, and it was insufficiently lighted? A. Yes, sir." Mrs. Van Kirk testified: "Q. Were there any lights on the platform at all? A. There were no lights there, no sir. If there were, they were so poor that they didn't throw any light, because it was absolutely dark. You couldn't see the space at all. Q. How did you see? A. I was very careful in looking when I alighted, because mother had gone into the hole, and I have been very careful ever since in getting off."

In submitting the case to the jury the court very fairly presented the respective claims of the plaintiff and the defendant, holding the plaintiff to a strict performance of her duty under the circumstances—"......In order to recover there must be no negligence on the part of the wife, and there must have been negligence on the part of the defendant, and that negligence must have caused injury, and must be the negligence alleged by the plaintiffs in their declaration, namely, the lack of adequate illumination. If the jury believe that there was sufficient light for a passenger using ordinary care to see the open space between the car and the platform, then the verdict must be for the defendant. Of course, if the occurrence was in any degree due to a confusing effect of the glasses worn by the wife, or to her failure to look where she was stepping, and not to a lack of sufficient lighting, the defendant cannot be held in damages for the occurrence, if different actions on her part would have avoided it. In alighting from the car to the platform it was the duty of plaintiff to look before she stepped off, and if she failed to look and made a misstep, the verdict must be for the defendant."

The jury, on consideration of all the testimony, accepted the facts as narrated by the plaintiff and her witnesses, and on examination of the record as presented on this appeal we are satisfied that the verdict was warranted by the testimony adduced.

184 FISSELL, Appellant, *v.* HINES, DIR. GEN. OF R. R.

The judgment is reversed, the record is remitted, with the direction that judgment be entered on the verdict in favor of J. H. Fissell for $384, and for Margaret Fissell for $225.