Stearns et vir. *v.* Mt. Lebanon Township (et al., Appellants).

Argued April 14, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*V. C. Short*, for appellants.

*J. Roy Dickie*, with him *Dickie, Robinson & Mc-Camey* and *Evans, Ivory & Evans*, for appellees.

OPINION BY ARNOLD, J., July 20, 1950:

The plaintiffs brought an action of trespass against Mt. Lebanon Township and William A. Sack and Arthur A. Sack, to recover damages for an injury to the wife-plaintiff when she slipped and fell on a public sidewalk. The plaintiffs obtained a verdict against the first class township, with liability over to it from the other two defendants, owners of the abutting property. After judgment the property owners appealed.

In connection with a road improvement Mt. Lebanon Township built a concrete sidewalk, determining for itself the grade. Opposite the Sack property the slope abruptly changed from a 4% to a 14% grade. The wife-plaintiff slipped as she started down the 14%

grade, where the concrete was smooth. She testified that the cause of the accident "was a combination of the steepness of the descent and the slippery condition of the surface. . ." There was no water or other foreign substance on the sidewalk. The jury found that the township was negligent and that there was no contributory negligence.

The appellants, the property owners, challenge the lower court's charge that "if you find that the Township was negligent in maintaining or *constructing* this sidewalk, and you find a verdict against the Township in favor of the plaintiffs, you must also find a verdict over in favor of the Township against the owners of the premises." (Italics supplied). This was error.

We held in *Golden v. Philadelphia et al.,* 162 Pa. Superior Ct. 247, 57 A. 2d 429, that where a recovery is had against a municipality for injuries received because of a defect in the sidewalk, created by the municipality itself, there can be no recovery over against the abutting owner. This is the situation here. For its own purpose and on its own responsibility the township built the sidewalk so that there was created (as the jury found) a dangerous condition, to wit a 14% grade. This was solely the negligence of the township for which the property owners were not liable. There was no evidence that the smoothness of the sidewalk occurred *after* its construction, but even if the property owners were negligent *after* the construction (by allowing the surface to become slippery), the case would be one of concurrent, and not sole, negligence.

In *O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251, 255, 166 A. 868, the Supreme Court thus referred to this type of case: "If two or more negligences are existing at the time of an injury and concur in producing it, the fact that one preceded the other slightly in point

of time is a matter of no moment, and the rule as to concurrent negligence, under which both the parties are held jointly and severally liable, and not that of proximate and remote cause, will be applied." And (quoting from *Hughes v. Pittsburgh Transportation Co.,* 300 Pa. 55, 150 A. 153), " 'It suffices, as stated in the cases above cited by us, that where there would have been no injury whatever but for the continuing negligence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent, and both defendants are jointly and severally liable for the injuries thereby occasioned.' " Restatement, Torts, §439, reads: "If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability"; and in comment (b) states: "If the harm is brought about by the substantially simultaneous and active operation of the effects of both the actor's negligent conduct and of an act of a third person which is wrongful towards the other who is harmed, the conduct of each is a cause of the harm, and both the actor and the third person are liable." Cf. *Williams v. Kozlowski et ux.,* 313 Pa. 219, 169 A. 148.

At best the property owners were only jointly liable with the township. In no event are they liable over to the township for the whole verdict. At bar, appellants stated they were willing to assume the payment of half the judgment. But the record does not disclose any point for charge which would permit us to enter such a joint judgment, and therefore a new trial will be ordered.

A new trial is awarded only as between Mt. Lebanon Township and William A. and Arthur A. Sack, to determine the liability for the payment of plaintiff's judgment against Mt. Lebanon Township, which is to be undisturbed.