## Loeb, Appellant, *v.* Allegheny County.

200

Argued April 16, 1958. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

Before Smart, J.

*H. N. Rosenberg*, with him *Rosenberg & Rosenberg*, for appellant.

*Robert Engel*, Assistant City Solicitor, with him *J. Frank McKenna, Jr.*, City Solicitor, for appellee.

OPINION BY Wright, J., June 11, 1958:

Edward Loeb instituted suit in trespass against the County of Allegheny. The City of Pittsburgh was thereafter joined as additional defendant. At the first trial, on completion of plaintiff's case as to liability, the court below granted motions of both defendants for a compulsory nonsuit. The plaintiff filed a timely motion to remove the compulsory nonsuit, which motion was eventually granted and a new trial awarded. At the second trial the jury returned a verdict in favor of the original defendant, and in favor of the plaintiff

against the additional defendant. The court below subsequently granted the additional defendant's motion for judgment n.o.v., and this appeal by plaintiff followed. The factual situation is set forth in the following excerpt from the opinion of Judge SMART for the court en banc:

"On January 7, 1953, plaintiff was serving as a juror in Common Pleas Court in the City-County building. At 11:30 a.m. plaintiff was excused for lunch. Since the elevators were crowded, plaintiff decided to walk down the stairs. As he walked down the stairs between the sixth and fifth floors, he slipped on a step and fell. After falling, plaintiff turned his head and saw a skid mark on the step on which he had slipped. His heel had slipped on a small spot of colorless liquid on the step. There was no evidence as to the nature of the liquid, how long it had been on the step, and who had placed it there. At the time of the accident ceiling lights were on at the fifth and sixth floor landings, but they did not cast light directly on the steps. The walls and hand-rail cast shadows across the steps. A wall light which would have cast light directly on the step on which plaintiff fell was off at the time of the accident, and although a window was nearby, very little light came through since the day was dark. Plaintiff did not notice the liquid or that the wall light was out until after he fell. Plaintiff could see the steps and proceeded with care. A witness testified that the light in question was not on at 9:45 a.m. the morning of the accident".

Appellant's contention is that there was sufficient evidence of the city's negligence to require submission of the case to the jury. The city's first contention, sustained by the court below, is that it had no notice of the presence of the liquid on the step, and that the liquid was the "sole proximate cause" of the accident.

Appellant concedes his inability to establish that the liquid had been on the step for a sufficient length of time to put the defendant on notice. He contends, however, that the wall light had been out for almost two hours and that the absence of sufficient light was the proximate cause of the fall. He argues as follows: "The appellee was guilty of two separate acts of negligence, allowing a slippery substance to be on the steps and failing to provide enough light to see such dangerous conditions. While it is true the technicality of notice prevented the first from becoming actionable negligence, the second was clearly, properly and adequately proved".

In our opinion, the authorities cited by appellant[1] do not support his position. The injury complained of must be the natural and probable consequence of the negligence alleged and, if the facts are undisputed, the question of proximate cause is for the court: *Bruggeman v. City of York,* 259 Pa. 94, 102 A. 415. See also *Douglass v. New York Central and Hudson River R.R. Co.,* 209 Pa. 128, 58 A. 160; *Behling v. Southwest Penn. Pipe Lines,* 160 Pa. 359, 28 A. 777; *Goerges v. Reading Co.,* 162 Pa. Superior Ct. 475, 58 A. 2d 191. Assuming arguendo that the absence of sufficient light

---

[1] Restatement of Torts, Section 432; *Commonwealth v. Amecca,* 160 Pa. Superior Ct. 257, 50 A. 2d 725; *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 103 A. 2d 681; *Kline v. Moyer,* 325 Pa. 357, 191 A. 43; *O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251, 166 A. 868; *Stearns v. Mt. Lebanon Township,* 167 Pa. Superior Ct. 341, 74 A. 2d 779; *Jerominski v. Fowler, Dick & Walker,* 372 Pa. 291, 93 A. 2d 433; *Schaff v. Meltzer,* 382 Pa. 43, 104 A. 2d 167; *Hall v. Glick,* 177 Pa. Superior Ct. 546, 110 A. 2d 836; *Stevenson v. Pennsylvania Sports & Enterprises, Inc.,* 372 Pa. 157, 93 A. 2d 236; *Curry v. Atlantic Refining Co.,* 239 Pa. 302, 86 A. 856; *Fissell v. Hines,* 78 Pa. Superior Ct. 179; *Kmiotek v. Anast,* 350 Pa. 593, 39 A. 2d 923; *Branch v. Philadelphia Transportation Co.,* 374 Pa. 60, 93 A. 2d 860.

established negligence, we nevertheless agree with the reasoning of the court below that "the fact that the wall light was out did not cause the accident—it only caused the danger to be hidden. The colorless liquid on the step was the proximate cause of the accident; the liquid was the substantial factor in bringing about the accident. Plaintiff himself testified that the substance on the step caused him to fall and that he did not misjudge a step or stumble. The only significance of the evidence that the wall light was out was to relieve plaintiff from contributory negligence. In order to recover, plaintiff had to show that the City had actual or constructive notice of the presence of the liquid on the step. This he admittedly failed to do".

A case directly in point is *DeClerico v. Gimbel Brothers, Inc.,* 160 Pa. Superior Ct. 197, 50 A. 2d 716. There the plaintiff testified that, while descending defendant's dimly lighted stairway, she stepped upon a piece of paper having thereunder a mushy soft substance which caused her to fall. A nonsuit was entered by the lower court, and this Court affirmed. In his well considered opinion, Judge (now Mr. Justice ARNOLD) said:

"The legal cause of the accident, i.e., the substantial factor of the plaintiff's harm, was the alleged soft substance underneath the paper on which she stepped. The newspaper did not cause her to fall, it caused the alleged danger to be hidden, and it could not be considered as the substantial factor of her harm.

"In what may be termed the obscuration cases, i.e., where the dangerous condition is hidden by some substance such as water, snow, paper or confusing lights, the obscuration is never the legal cause of the harm, but operates in certain cases to relieve the injured party from the contributory negligence of failing to observe the danger. . . Since the legal cause

of the plaintiff's harm was the soft substance on the tread of the step, there can be a recovery only upon a showing that the defendant had actual or constructive notice of its presence. Of this there was no evidence".

Similarly in the case at bar, it was the liquid and not the insufficiency of light which caused appellant to fall. The insufficiency of light was at the most a remote factor. The liquid on the step was the unrelated and efficient cause of appellant's injury. Since the city was not responsible for the presence of the liquid, and concededly did not have notice of its presence, the lower court properly denied recovery.

Appellee has advanced a second contention in which there is considerable merit, namely, that in any event negligence on the part of the city was not established by proof of the nonillumination of one light bulb for a period of less than two hours during the middle of the day. However, since we have concluded that the lower court properly disposed of the case upon the first ground, further discussion becomes unnecessary.

Judgment affirmed.