**Graham v. Roberts**

*Tyler E. Wren, Assistant City Solicitor* and *Sheldon Albert, City Solictor,* for City of Philadelphia.

*Lawrence W. Richman,* for defendants.

GEISZ, J., January 25, 1977—Plaintiffs commenced this action by filing a complaint in trespass against defendants Louis H. Moore and Lenerte Roberts, respective owners of premises located at 1211 and 1213 N. 58th Street in Philadelphia. In the complaint plaintiffs allege that on or about October 2, 1974, plaintiff Alberta Graham was caused to trip and fall on the sidewalk fronting defendants' premises due to a defect in said sidewalk. The alleged defect apparently was a three inch variation in elevation between the paved blocks at the party line of the two properties.

Defendant Roberts subsequently joined the City of Philadelphia as an additional defendant to the action brought by plaintiffs. In his complaint, Roberts alleged that the city is solely liable to plaintiffs, liable over to defendant Roberts on plaintiff's action, or jointly and severally liable with defendant Roberts to plaintiffs.

Thereafter, this court sustained additional defendant City of Philadelphia's preliminary objections seeking dismissal of the complaint on the basis of impermissible joinder.

Defendant Roberts subsequently filed a petition for reconsideration of that order which was denied with prejudice and from which this appeal was taken.

It has long been recognized that the primary responsibility for the maintenance of city sidewalks in a condition reasonably safe for travel lies with the abutting property owners, the duty of the city being secondary: Flynn v. Chester, 429 Pa. 170, 239 A. 2d 322 (1968); Koerth v. Turtle Creek Borough, 355 Pa. 121, 49 A. 2d, 398 (1946); Brady v. Philadelphia, 156 Pa. Superior Ct. 607, 41 A. 2d, 355 (1945); Wright v. Scranton, 128 Pa. Superior Ct. 185, 194 Atl. 10 (1937). The relative roles of the two parties is well defined in Koerth, supra.

"It is, of course, the duty of a municipality to maintain its sidewalks in a reasonably safe condition, or, rather, when it has reasonable notice express or implied of a defective condition, to see that the property owner performs his duty to make the necessary repairs, the liability of the latter being primary and absolute, that of the municipality being secondary and supplemental." at page 124.

Consequently, should a municipality be found liable for injuries arising out of a defective sidewalk it is entitled to recovery over against the abutting property owners: Golden v. Philadelphia, 162 Pa. Superior Ct. 247, 57 A. 2d 429 (1948). The converse is not true however, except where the city is itself directly responsible for the creation of the defect, in which case it may be held primarily and solely liable: Stearns v. Mt. Lebanon Township, 167 Pa. Superior Ct. 341, 74 A. 2d 779 (1950). This exception is clearly not applicable in this case.

Pa.R.C.P. 2252(a) governs the propriety of joinder by a defendant of an additional defendant and states in pertinent part: "In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person

whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him." Since, as has been shown, the liability of the city, if any, would only be secondary, joinder in this case would be in contravention of the rule: Jenkins v. American Dredging Co., 406 Pa. 145, 177 A. 2d 471 (1962); Roberts v. Wachowski, 43 Luz. 60 (1952).

The Roberts court, which was faced with the identical issue under consideration here, stated:

"The property owners, as we have shown, are primarily liable and were the municipality sued they could be brought in under the rule to answer to the plaintiff and/or the municipality, to both of whom they owe a duty. But with the positions reversed, as they are here, how can the property owners shift their liability over to the city on the ground that it failed, as they must allege, to bring them to time; because it failed to compel them to do their duty." at page 62.

Still, defendant Roberts contends that joinder is possible because the designation of primary-secondary liability as between the property owner and the city only applies as to the sidewalk directly abutting defendant Roberts' property. In other words, since defendant Roberts has no control over nor responsibility for defendant Moore's sidewalk, the city cannot be seen to be secondarily liable behind Roberts if the Moore sidewalk was in fact defective. This may be true but it is not controlling. Even were the city to be joined as an additional defendant, its status would remain secondary vis-a-vis the individual defendants, and if it was to be found liable to any extent, it would still be entitled

to judgment over against each abutting property owner found negligent. Consequently, for the aforementioned reason, defendant Roberts' petition for reconsideration of the order sustaining the City of Philadelphia's preliminary objections is denied.