# Coles and Coles *v.* Schweppenheiser, Appellant.

*Negligence—Landlord and tenant—Excavation in courtyard—Defective condition—Liability of landlord—Case for jury.*

In an action by a tenant against a landlord, to recover damages for personal injuries sustained in the collapse of a pathway, adjacent to an excavation, conducted by workmen for the defendant, the evidence established that the workmen had dug a hole in a courtyard, about nine feet in diameter and eight feet deep. It was also developed that the pathway, which crossed the yard in the immediate vicinity of the excavation, had been left unguarded and that the digging had removed the lateral support.

Under such circumstances the case was for the jury. The character, condition and use by the tenants of the path, as described by a number of witnesses, required the submission of the alleged contributory negligence of the plaintiff to the jury, and a verdict in her favor will be sustained.

*Appeals—Evidence—Binding instructions.*

In considering whether or not a motion for binding instructions should have been granted, all the oral testimony and inferences fairly deducible therefrom, which favor the party opposing the motion, must be accepted as true and those favorable to him rejected.

Argued March 3, 1924. Appeal, No. 10, Feb. T., 1924, by defendant, from judgment of C. P. Columbia Co., May T., 1921, No. 96, on verdict for the plaintiff in the case of Alvin P. Coles and Elizabeth Coles v. Claude E. Schweppenheiser. Before PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SMITH, P. J., 34th Judicial District, specially presiding.

490, (1924).] Assignment of Error—Opinion of the Court.

Verdict for plaintiff, Alvin Coles, · in the sum of $575.75, and for plaintiff, Elizabeth Coles, in the sum of $500, and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Roland O. Brockway,* for appellant.

*E. J. Mullen,* and with him *G. W. Moon* and *W. S. Sharpless,* for appellee.

OPINION BY LINN, J., July 2, 1924:

Appellant complains of judgment against him in favor of a tenant, Coles, whose wife was injured, as the jury found, by appellant's negligence; his only question is, whether a verdict for defendant should have been directed.

The evidence supporting the verdict, to which our consideration is limited, (Geiger v. Garrett, 270 Pa. 192), leaves nothing to support the appeal. Appellant owned a lot in Berwick, Pennsylvania, 50 x 123 feet, extending from Mulberry Street to Ben's Alley, with what the witnesses call a "three family house" on each front; each was occupied by three tenants, Coles among them. Between the houses, was a court or yard, 20 x 50 feet, containing, about the center, a building 6 x 16 feet, divided into 6 parts for the tenants. For some time before the accident, appellant's workmen dug in the court, a hole, which was then about 9·feet in diameter and 8 feet deep; some of the excavated material was banked in the court. The hole was unguarded. The tenants knew it was there and a path used by them led by its margin. Coles lived in the part of the Mulberry Street house on the northeastern corner of the rectangular lot. A tenant named Mrs. Farver lived in the house on the southwestern corner at Ben's Alley, i. e., diagonally across the court from Coles. About 9 P. M. Mrs. Farver went over the path,

into the rear of the Coles tenement, and told her she had been called on the telephone at Mrs. Farver's. This witness then held open the door of the Coles house, illuminated by gas light, to enable Mrs. Coles to see where to walk in crossing the court; while so walking from the rear of her own house toward the Farver house, on the path used by the tenants, and over which Mrs. Farver had just passed on her way to the Coles house, the path gave way for a width of about 20 inches and precipitated Mrs. Coles into the hole, causing the injury. It is unnecessary further to relate the evidence that appellant's excavation removed the lateral support for the path used by the tenants, constituting, in the circumstances, a tort for which he is responsible; it is also clear that the character, condition and use by the tenants of this path as described by a number of witnesses, required the submission of the alleged contributory negligence of Mrs. Coles to the jury: Prager v. Gordon, 78 Pa. Superior Ct. 76, 78, and cases cited there.

The complaint of the refusal to charge that if the jury believed Mrs. Coles "had knowledge that the route chose on the night of the accident was dangerous" she could not recover, is dismissed because not limited to the evidence: Dinch v. Workman, 75 Pa. Superior Ct. 101, 105; Com. v. Nazarko, 224 Pa. 204.

Judgment affirmed.