Haddon, Appellant, *v.* Snellenburg et al.

*Negligence—Department store—Falling down single step—Evidence as to light several days later.*

1. The owner or occupant of premises who induces others to come onto it by invitation express or implied, owes to them the duty of reasonable or ordinary care to keep the premises in a safe

and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger; but the landowner cannot be held liable unless there is proof that plaintiff was injured through his negligence.

2. It is not negligence per se or negligent construction in a store or other public place, to have one floor at a lower level by a few inches than another.

3. Where such a difference in elevation exists, the place should be sufficiently lighted artificially to enable users to see the step, unless lit by daylight.

4. Where a woman falls down a step in a store and is injured, witnesses who examine the place three days after the accident, will not be permitted to testify to its condition as to lighting, when they saw it.

Argued April 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 159, Jan. T., 1928, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1926, No. 11190, on directed verdict for defendants, in case of Mary R. Haddon v. Nathan Snellenburg et al., copartners, trading under the firm name of N. Snellenburg & Co. Affirmed.

Trespass for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was binding instructions for defendant, quoting record.

*Joseph A. Allen,* with him *Wm. F. Brennan,* for appellant.—The proprietor of a place where people are invited to come must maintain the premises in a safe and proper condition: Bloomer v. Snellenburg, 221 Pa. 25; Truby v. Nolan, 86 Pa. Superior Ct. 270; Robb v. Niles-Bement-Pond Co., 269 Pa. 298.

Evidence of the condition of premises, machinery and other. articles has long been held to be admissible when it tends to show that the condition existed both before and after the time under investigation: Joyce v. Black, 226 Pa. 408; Butcher v. Phila., 202 Pa. 1; Lohr v. Boro., 165 Pa. 109.

It was error for the court to give binding instructions for defendants in an action of trespass where plaintiff's evidence showed a portion of defendants' store premises was so poorly lighted as not to make a difference in floor levels clearly visible to persons using same: Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355; Mullen v. McGeagh, 88 Pa. Superior Ct. 381.

*Louis Wagner,* with him *R. A. Smith* and *Wilbur F. Whittle,* for appellees.—Without satisfactory evidence identifying premises, it was not error to exclude the testimony of a witness relating thereto: Mason Fruit Jar Co. v. Paine, Diehl & Co., 166 Pa. 352.

In the absence of any evidence that a passageway was dark or needed artificial light, or was defective, negligence is not proven: Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355; Mullen v. McGeagh, 88 Pa. Superior Ct. 381; Robb v. Niles-Bement-Pond Co., 269 Pa. 298; Chapman v. Clothier, 274 Pa. 394; Polanske v. Lit Brothers, 18 Pa. Superior Ct. 474; Truby v. Nolan, 86 Pa. Superior Ct. 270.

OPINION BY MR. JUSTICE KEPHART, May 7, 1928:

Appellant, a customer of defendants' store, fell while walking along a balcony leading to a wash room. She was alone at the time of the accident. In her suit to recover damages for the resulting injury, the court below directed a verdict for defendants, on which judgment was entered. A motion for a new trial was refused, and the case is here on appeal.

Plaintiff described the accident as follows: "When I got to the top of the stairs I turned right around to go

in that direction when I suddenly fell,—lost my balance and fell. Q. How did you come to get on the balcony? A. I was on the first floor and I was directed by one of the employees when I asked where the wash room was, she said it was on the balcony, and I took the stairway that led to the balcony. Q. Then, when you got to the balcony you asked one of the employees where it was and she showed you? A. Yes, she sent me toward 12th Street. Then I turned to go in the direction I had been told. Q. How many steps did you take? A. Three or four steps. Q. What happened then? A. I suddenly fell. Q. What caused you to fall? A. There was a small step there. Q. A step down? A. Yes, down to the lower level. Q. Then what happened to you? A. I went three or four steps and then I suddenly fell,—lost my balance and fell. Q. And that was caused by what? A. A small step leading from one floor level to another floor. A. What was there to indicate that step? A. Nothing at all." The step was six inches high. Plaintiff gave no description of the balcony that would sufficiently identify it, nor was testimony given to show that at the time of the accident the balcony was dark, improperly lighted, or that artificial light was required.

The general rule, as stated in Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 300, is that the owner or occupant of premises who induces others to come onto it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger. But the landowner can not be held liable unless there is proof that the plaintiff was injured through his negligence: Huey v. Gahlenbeck, 121 Pa. 238. It is not negligence per se or negligent construction in a store or other public place to have one floor at a lower level by a few inches than another. Where such difference in elevation exists, the place should be sufficiently lighted artificially to enable users to see the step, unless lit by day-

light. There is no evidence to show lack of either daylight or artificial light. Unless we hold defendant was an insurer of the safety of its invitees, we must conclude plaintiff did not make out a case, as there is not a scintilla of evidence to establish negligence. The statement that there was nothing to indicate the step might refer to many things, some of which clearly would not be evidence of negligence: McAvoy v. Kromer, 277 Pa. 196, 198; Propert v. Flanagan, 277 Pa. 145. The case is ruled by the principles set forth in Chapman v. Clothier, 274 Pa. 394. It cannot be likened to those involving open elevator shafts, hatchways or obstructions in an aisle. In the latter situation, we do not deal with steps normally appearing in construction.

Complaint is made that the court below erred in not permitting plaintiff's daughters to testify as to the condition of the premises. They examined it three days after the accident. The court did permit one of the daughters to testify as to the facts of construction, location and design of the balcony, but declined to receive the testimony as to the condition of the premises with respect to light at the time of the accident, the witnesses not having been there at that time. One of the chief elements in plaintiff's case was to show that she could not see clearly by reason of the lack of light when she fell. Any evidence which the two daughters would give on that question would be merely hearsay or a guess. Plaintiff did not testify that she could not see the step because it was dark, and she could not be aided in the manner proposed by her daughters.

Judgment of the court below affirmed.