## Burckhalter et ux. *v.* F. W. Woolworth Company, Appellant.

Argued October 28, 1940.  Before Schaffer, C. J., Maxey, Drew, Linn, Stern and Patterson, JJ.

*J. Campbell Brandon,* with him *W. D. Brandon,* of *Brandon & Brandon,* and *Hugh S. Millar,* for appellant.

*Lee C. McCandless,* with him *James E. Marshall,* of *Marshall & McCandless,* for appellees.

OPINION BY MR. JUSTICE DREW, November 25, 1940:

This action in trespass was brought for damages for injuries sustained by the wife plaintiff on defendant's premises.  Binding instructions having been refused defendant, the case was submitted to a jury and verdicts for plaintiffs returned.  Judgments were entered on the verdicts, after motions for a new trial and judgments n. o. v. were dismissed, and these appeals followed.

On October 4, 1938, a few minutes after five o'clock, the store's closing hour, Mrs. Burckhalter was leaving

defendant's store in Butler, Pennsylvania, by the same way by which she had entered. This doorway consisted of two swinging doors, each 27 inches wide, opening into a vestibule, which gradually widened from 4 feet 8¼ inches at the doors to 6 feet ½ inch at the sidewalk. At five o'clock defendant's assistant manager had moved a large white platform scale, the upright portion of which, with its base, stood 5 feet 5½ inches high, the base being 15¼ inches wide, into the vestibule from the store and had then locked the south door. He stood outside this door, between it and the scale, which was in the middle of the vestibule not far from the door, according to Mrs. Burckhalter's testimony, in order to prevent any persons from entering the store through the north door, which remained open to allow people in the store to leave. She passed through the open door, went by the assistant manager, and when abreast this large scale, which must have been obvious in the daylight, in order to avoid some people standing in the vestibule in front of her, she stepped to the left without looking in that direction and fell over the platform of the scale. She suffered injuries for which damages are sought in this case.

Plaintiffs contend that the vestibule virtually had been turned into a trap between the time Mrs. Burckhalter entered and was leaving the store. They argue that other people crowded the vestibule and that the assistant manager stood in such a place that he obstructed Mrs. Burckhalter's view of the scale as she passed through the door. They claim that thus a dangerous condition was created and no warning thereof was given to the injured plaintiff. For these reasons plaintiffs allege that defendant was negligent.

In reviewing this denial of motions for judgments n. o. v., we have read the testimony in the light most advantageous to plaintiffs, have resolved conflicts in their favor, and have given plaintiffs the benefit of every

fact and inference of fact pertaining to the issues involved: *Muehlhof v. Reading Co.*, 309 Pa. 17, 19, and cases there cited. We must, therefore, accept Mrs. Burckhalter's statement that the assistant manager "was standing there and obstructing any view" of the scale as she passed through the door, although she also testified that this man was standing between the south door and the scale, which was situated in the middle of the vestibule and must have extended several inches upon the north half of the vestibule, thus placing it in a direct line with anyone's vision who walked out the open door. There is no dispute, however, as to the other facts.

It is clear, therefore, that when she passed the assistant manager, he did not obstruct her view of the scale which was then directly at her side, so close to her that she could have easily reached it with her hand. The space between the scale and the window of the vestibule, the space in which she was walking, was less than twenty-four inches—large enough to pass through without interference but so small it should have brought the scale immediately in her view. If she had gone straight out from the door she would have avoided the scale, but when she attempted to step to her left, she fell over the platform of the scale, and this was possible only because she "was looking right straight ahead", as she said, which meant that she was not looking to her left—the direction in which she was going when she tripped over the scale.

The burden of establishing actionable negligence was upon plaintiffs, since its presence was not to be presumed from the mere fact that the injury was caused by a fall at the entrance of the store: *Markman v. Bell Stores Co.*, 285 Pa. 378, 381, 382. In this connection the law is well-settled that the owner of land upon which persons come by invitation, express or implied, must maintain it in a reasonably safe condition for the con-

templated uses and the purposes for which the invitation was extended, or to give warning of any failure to maintain them in that condition: *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 454; *Kulka v. Nemirovsky,* 314 Pa. 134, 139; Restatement of Torts, section 343. It cannot be said, however, that the mere placing of a large platform scale in the entrance of a store involved an unreasonable risk to customers. In the instant case, for example, while Mrs. Burckhalter was unable to see the scale from one angle, when she says the assistant manager was between her and the scale, nothing at all prevented her from seeing it as she passed it, or, as it might be said since the passageway was so narrow, as she brushed by it. This tall white object, of large proportions, so very close at hand, in broad daylight, could not have gone unnoticed by anyone paying attention when passing it.

There can be no reasonable difference of opinion as to the sole cause of the accident. Mrs. Burckhalter's own testimony supplies the one answer: "Q. What were you looking at?" "A. I was looking at the crowd of people standing there; looking right straight ahead." In short, when she stepped to the left, she did not look in the direction she was going, which caused her to strike the platform of the scale and fall. Her own negligence, therefore, caused the accident. Binding instructions should have been granted because there was no question to submit to the jury.

Judgments reversed, and here entered for defendant.