Wurster *v.* Armstrong, Appellant, et al.

Argued April 16, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, RHODES, HIRT and KENWORTHEY, JJ.

*D. J. Skelly,* with him *S. N. Mogilowitz,* for appellant.

*E. C. Breene,* with him *A. B. Jobson,* of *Breene & Jobson,* for appellee.

OPINION BY KENWORTHEY, J., June 30, 1941:

In this negligence case plaintiff secured a verdict against John R. Yockey and appellant jointly. Judgment was entered on the verdict against Yockey from which no appeal was taken. This appeal is from the refusal of appellant's motions for judgment n.o.v. and for a new trial. Since we have concluded that the motion for judgment n.o.v. should have been granted, it will be unnecessary to discuss the motion for new trial.

Appellant operated a three story department store in Oil City. Yockey occupied a portion of the third floor where he sold electrical appliances. On May 3, 1937, plaintiff, a customer of appellant, was standing in front of the elevator entrance on the first floor waiting to take the elevator to the third floor when the door of the elevator opened and Yockey, who was bringing down a washing machine from the third floor, rapidly and without warning wheeled it out of the elevator. In order to avoid being struck, plaintiff took two or three steps backward and fell over a platform scale located about six feet from the entrance to the elevator. Her explanation for not seeing the scale was that she did not have time to look. The elevator was operated and the door was opened by appellant's employee.

The case was submitted to the jury as against appellant on the theory that under all the circumstances, the jury could find he was negligent for having a scale in the place this one was kept and that in the transportation of the washing machine from the third to the first floor appellant and Yockey were engaged in a joint undertaking.

But it is not negligence per se to maintain a platform scale in the aisle of a store. *Burckhalter v. F. Woolworth Company,* 340 Pa. 300. 16 A. (2d) 716. And there is nothing in this record to indicate that it was not plainly visible and under ordinary circumstances perfectly harmless. The real cause of the accident was the careless act of Yockey in forcing plaintiff to walk backwards without an opportunity to look, not the position or existence of the scale. She might as well have tripped over a dog or the foot of another customer or bumped into a counter.

Nor is there anything in the record to support the theory that in the transportation of the washing machine Yockey and appellant were engaged in a joint enterprise. Neither had any interest in the other's business. Yockey as a tenant of a portion of the third floor with the privilege of using the elevator was in the same position as any other customer whose unexpected negligent conduct causes injury and for which the owner of the store cannot be held liable. *Prettyman v. Trenton Transportation Co.,* 73 Pa. Superior Ct. 353 and cases cited.

Appellant's second, third and sixth assignments of error are sustained. The judgment for the plaintiff is reversed and entered for the defendant.