## Simmonds v. Penn Fruit Company, Appellant.

Argued April 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William J. MacCarter, Jr.*, with him *Fronefield Craw-ford*, for appellant.

*Joseph D. Calhoun*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 27, 1946:

On the morning of May 28, 1943, a bright sunny day, Ida F. Simmonds, a women of sixty-five years, together with her daughter, entered the self-service store of defendant Penn Fruit Company, located in Darby, Pennsylvania. Decedent had completed her marketing, had paid for her purchases, and while walking from the cashier's counter towards the door to leave tripped over the platform of a penny-scale and fell. The fall resulted in serious injuries which led to decedent's death a short time later. Two suits were brought against the Penn Fruit Company, one by the administrator of decedent's estate and the other by decedent's husband. A trial ensued and the jury returned a verdict in favor of plaintiff administrator in the sum of $4,000 and in favor of plaintiff husband in the sum of $2,500. Defendant appeals from the dismissal of its motions for judgment non obstante verdicto and new trial.

The negligence alleged was that the platform scale over which decedent tripped was placed in the store where it would cause an unreasonable risk of harm to customers of the store. The scale was the usual penny weighing scale forty-four inches high and its platform six and one-quarter inches from the floor. The platform

itself measured twelve by fifteen inches and the scale at its most extreme length was twenty-two inches. It stood with its back to the front window of the store with the platform facing the exit aisle of the store leading from the cashiers' aisle to the storm door which was placed inside the entrance and exit door of the store. Plaintiffs' position is that the scale was placed so that the platform extended into the aisle of the store.

It is not necessary to discuss the possible negligence of defendant (see *Kulka v. Nemirovsky*, 314 Pa. 134, 170 A. 261; *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 185 A. 613; Restatement, Torts, sections 332 and 343), because the contributory negligence of decedent in tripping over such an obvious thing as the scale relieves defendant of liability. Ordinarily a decedent is favored by the presumption that he or she used due care: *Yuhasz v. Pitt Construction Co.*, 305 Pa. 166, 157 A. 461; *Morin v. Kreidt*, 310 Pa. 90, 164 A. 799; *Michener v. Lewis*, 314 Pa. 156, 170 A. 272; *Harris v. Reading Company*, 325 Pa. 296, 189 A. 337; *Rowles v. Evanuik*, 350 Pa. 64, 38 A. 2d 255. But when, as here, rebutting facts are shown in plaintiffs' case, the presumption falls: *Stark v. Fullerton T. Co.*, 318 Pa. 541, 179 A. 84; *Ray v. Lehigh Valley R. R. Co.*, 321 Pa. 538, 184 A. 445; *Wickline v. Pennsylvania R. R. Co.*, 347 Pa. 136, 31 A. 2d 535; *Basel, Admrx. v. Pittsburgh*, 350 Pa. 545, 39 A. 2d 582; *Weldon, Admrx. v. Pittsburgh Rwys. Co. et al.*, 352 Pa. 103, 41 A. 2d 856; *Grutski v. Kline*, 352 Pa. 401, 43 A. 2d 142.

In *Burckhalter v. F. W. Woolworth Co.*, 340 Pa. 300, 16 A. 2d 716, on facts almost identical with the instant case, plaintiff was held contributorily negligent as a matter of law. Plaintiffs distinguish that case from the present one on the ground that there the injured person survived the accident and testified that she did not look where she was going. That distinction is accurate, but immaterial, for here, as in the *Burckhalter* case, it is abundantly clear from the evidence that had the customer looked, she would have seen the scale. Plaintiffs

here rely on the testimony of their two witnesses that there were people leaving the store when the accident occurred and that there were some people standing along the front wall. But one of the two witnesses (Mrs. Likens) testified as follows: "Q. Now, if you didn't see your mother from the time she checked out until the exclamation was made by somebody, you don't know, do you, whether or not there was anyone in front of your mother? A. No. . . ." And again: "Q. Do you know of your own knowledge whether or not at the time she tripped and fell, there were other people around her? A. No, because I did not see mother trip. Q. So you don't know whether there were people around her or not? A. That's correct."

The other witness, Carrie Drumheller, was equally inconclusive. In the first place she didn't see decedent until she tripped so she could not say whether there were people in front of her or not. The gist of her testimony is that there were other people in front of decedent, but they were going out the doorway.

There is not one line of testimony on plaintiffs' side of the case that there was anyone standing *between decedent and the scale.* Even if there were people leaving the door, as plaintiffs' witnesses testified, this would not mean there was anyone standing between decedent and the scale, nor that her view was blocked by such persons, for the door was past the scale. What is most significant is that plaintiffs' witness, Carrie Drumheller, who was standing to the side and rear of the scene of the accident as she stood in the line at the cashier's desk, testified that at that point the scale was "perfectly obvious" to her.

In addition to the failure of plaintiffs to show anything obstructed decedent's view, there is abundant testimony that the lighting conditions were extremely good. The scale was near a large bulk window, it was a bright, sunny day and there were lights on in the store so that one could see plainly.

Ordinarily "no liability attaches for injuries from alleged dangers or defects which were obvious or known to the person injured, for, all that the law requires is that the premises be so constructed and maintained that they can be used without danger by persons using ordinary care for their own safety: Wessner v. Blue Ridge Trans. Co., 338 Pa. 161, 162; Twersky v. Penna. R. R. Co., 261 Pa. 6, 10; Graham v. Penna. Co., 139 Pa. 149, 162." *Rogers v. Max Azen, Inc.*, 340 Pa. 328, 330, 16 A. 2d 529.

The judgments are reversed and judgment is here entered for the defendant.