## Ellis, Appellant, *v.* Drab.

Argued January 7, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Conrad G. Moffett,* with him *J. Taylor Buckley,* for appellant.

*John V. Lovitt,* with him *George E. Beechwood* and *Conlen, LaBrum & Beechwood,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, March 23, 1953:

This is an appeal from the refusal to remove a compulsory nonsuit.

Viewing the evidence in the light most favorable to the plaintiff, the pertinent facts are as follows: At 2:30 A.M. on the morning of February 21, 1950, plaintiff went to his mother's apartment, which was on the third floor of a building owned and operated by the defendants. After ascertaining that his mother was awake, plaintiff left the apartment to go down the

stairs for the purpose of dismissing a waiting taxicab. The door of the apartment opened onto a three foot wide hallway which to the left of the apartment door constituted the landing at the top of the stairway leading from the third to the second floor. The bulbs in the lighting fixtures at the second and third floor landings were burned out and the hand-rail on the stairs which had been present a month previously was broken down or had been removed. Plaintiff testified that when he left the apartment he closed the door, thus putting the stairway in complete darkness, turned left and then right in order to descend the stairs; that when he attempted to reach for the hand-rail in the dark, he lost his balance, fell down the stairs and was injured; that he visited his mother three times in the six months preceding the date of the accident; and that upon the occasion of one visit, a month prior thereto, he noticed that there was a hand-rail.

In entering the nonsuit the trial judge stated that while there was sufficient evidence of negligence on the part of the defendants, plaintiff was guilty of contributory negligence as a matter of law.

Appellant contends that the question of whether or not he was guilty of contributory negligence in relying upon his recollection of the position of the hand-rail and reaching out for it should have been submitted to the jury. In support of this contention appellant relies upon *Vetter v. Great Atlantic & Pacific Tea Company,* 322 Pa. 449, 185 A. 613, and *Conboy v. Osage Tribe No. 113,* 288 Pa. 193, 135 A. 729, for the proposition that whenever there is evidence of negligence on the part of the defendant in causing a fall down an unlighted stairway, the question whether or not the plaintiff was contributorily negligent must be submitted to the jury. These cases did not establish or follow any such rule of law. A compulsory nonsuit may

be entered where plaintiff's evidence, when viewed in the light most favorable to him, either fails to show that the defendant was negligent, or affirmatively shows contributory negligence on the part of the plaintiff. If either of these evidentiary situations exist, then the court may enter a compulsory nonsuit: *McCreery v. Westmoreland Farm Bureau Co-operative Association*, 357 Pa. 567, 571, 55 A. 2d 399. This is the rule applied to negligence cases generally, and there is no reason why a different rule should be applied where the negligence of the defendant consists, in whole or in part, of failing to provide adequate lighting.

In *Vetter v. Great Atlantic & Pacific Tea Company*, supra, the plaintiff had used the stairway in question weekly for a year under similar conditions of illumination, and was therefore very familiar with the structural condition of the stairway. The injury to the plaintiff in that case did not result from any defect in the structural condition of the stairway or its appurtenances with which he was familiar, but from an independent act of negligence on the part of the defendant, that is, permitting the presence of rubbish or garbage on the stairs for an unreasonable length of time. This case is distinguishable in that the injury was caused not by the absence of light, but by the presence of refuse on the steps, which could not be reasonably anticipated.

In *Conboy v. Osage Tribe No. 113*, supra, a refusal to remove a compulsory nonsuit was affirmed on the grounds that plaintiff failed to prove negligence *and* was guilty of contributory negligence as a matter of law. Neither these cases nor any of the others cited support the distinction attempted to be drawn by appellant in cases involving a fall down an unlighted stairway.

The cases governing the law of contributory negligence where a plaintiff is injured as a result of a fall in a darkened place were analyzed by Chief Justice Stern in *Dively v. Penn-Pittsburgh Corporation, et al.,* 332 Pa. 65, 2 A. 2d 831, and *Polm v. Hession,* 363 Pa. 494, 70 A. 2d 311, and these rules drawn from them: (1) where a person proceeds in absolute darkness without reasonable necessity, he is guilty of contributory negligence as a matter of law; and (2) where there is a "fairly compelling reason" for walking in a place which is dark, but not utterly devoid of light, the question of contributory negligence is for the jury.

Appellant has presented this case on the theory that because of his familiarity with the premises he was justified in relying upon his memory of the location of the steps and hand-rail and therefore could not be guilty of contributory negligence as a matter of law because he proceeded into a place of danger in complete darkness.

Appellant's reason for descending the stairs, to dismiss the waiting taxicab, was a "fairly compelling reason" within the meaning of the cases. Passing for the moment the question whether familiarity with the premises may overcome the fact that plaintiff was proceeding in complete darkness so as to entitle appellant to go to the jury on the question of contributory negligence, let us examine plaintiff's testimony to determine the degree of familiarity he had with the premises. He testified that he had visited the premises three times in the six months prior to his injury and on one of these occasions, one month prior to his fall, he noticed that there was a hand-rail. He further testified that he was not in the habit of using the hand-rail and that when he ascended the stairs immediately prior to his fall, he did not notice whether or not the hand-rail was present. The question presented, under

appellant's theory, is: Would a reasonable man risk serious injury to himself in reliance solely upon his memory of the presence and position of a hand-rail, having seen that hand-rail only once previously, and that occasion being a month earlier? Or do the dictates of reasonable prudence require that he use other sensory means to ascertain the presence of the hand-rail? The answer clearly is that under appellant's theory he is guilty of contributory negligence for proceeding under these circumstances in the complete absence of light. Where a person can assure his own safety by the use of his senses and relies instead on a recollection of former experiences, he acts at his peril: *Fordyce et ux. v. White Star Bus Lines*, 304 Pa. 106, 111, 155 A. 98. See also *Bailey v. Alexander Realty Company*, 342 Pa. 362, 367, 368, 20 A. 2d 754.

The court below properly disposed of the case by entering the nonsuit.

Judgment affirmed.