Hall *v.* Glick, Appellant.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellants.

*Irvin J. Kopf,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

Plaintiff, a prospective tenant, was injured on the stairway of the defendant landlord and sued in trespass. Defendant has appealed from the refusal of his motion for judgment n.o.v., alleging that there was no evidence of negligence but that if there was that plaintiff was guilty of contributory negligence.

Plaintiff testified that she sought a room to rent, and defendant drove her to his house at about 11:00 A.M. in order to show her an apartment. They entered the building, ascended the stairs and looked at the apartment on the second floor. While descending the stairs she twisted her leg, resulting in the injury for

which she sued. She testified that the stairway narrowed toward the top; that it made a turn, so that the top two steps went in a different direction than the remainder; that there were no lights on in the hallway and it was quite dark; and that she held on to the banister as she descended, but she missed a step and twisted her leg. Defendant's witness, a tenant in the building where the accident occurred, testified that the hall lights were not kept lit during the daytime, that the only light came from windows and that the steps narrowed and contained a turn near the top.

Plaintiff was lawfully on the premises as a business invitee. As such, she was owed by defendant, who was in control of the common stairway, the duty of maintaining the premises in a reasonably safe condition and the duty to warn her of any dangerous condition of which he was aware. *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 185 A. 613; *Miller v. Hickey*, 368 Pa. 317, 81 A. 2d 910. Plaintiff's testimony establishes that she was injured because a narrow, turning staircase was inadequately lighted. Inadequate lighting of stairs has been held to create a dangerous condition sufficient to constitute negligence. *Cathcart v. Sears, Roebuck & Co.*, 120 Pa. Superior Ct. 531, 183 A. 113; *Stevenson v. Pa. Sports & Enterprises, Inc.*, 372 Pa. 157, 93 A. 2d 236. Here the evidence indicates a stairway which might be difficult for a stranger to traverse; in fact, defendant's witness admitted that one had to get accustomed to it. In such circumstances, it is possible that the light from the windows was insufficient to guide a stranger. Defendant did not turn on the hall lights nor did he give plaintiff any warning as they approached the stairs. The jury, therefore, had sufficient evidence from which it could find defendant negligent in failing to provide adequate lighting on a narrow, turning staircase.

It is also contended that plaintiff was contributorily negligent as a matter of law. The applicable principles were stated in *Scurco v. Kart,* 377 Pa. 435, 105 A. 2d 170; *Ellis v. Drab,* 373 Pa. 189, 94 A. 2d 189; *Polm v. Hession,* 363 Pa. 494, 70 A. 2d 311, and *Dively v. Penn-Pittsburgh Corp.,* 332 Pa. 65, 2 A. 2d 831; "(1) where a person proceeds in absolute darkness without reasonable necessity, he is guilty of contributory negligence as a matter of law; and (2) where there is a 'fairly compelling reason' for walking in a place which is dark, but not utterly devoid of light, the question of contributory negligence is for the jury." This case clearly falls within the second category. Plaintiff had a fairly compelling reason to descend the stairs, since as a business invitee she had to look at an apartment and then leave the premises. The testimony leaves no doubt that there was some light, because the tenant said that light came in the windows and the electricity was not turned on during the daytime. We cannot say, as defendant contends, that plaintiff should have insisted that lights be turned on, since she had successfully ascended the stairs, and was not familiar with the premises so as to know the lighting requirements. The cases cited by defendant are distinguishable because, in some of them, the plaintiff was familiar with the premises, and, in others, the plaintiff failed to use due care. Here, plaintiff testified that she held onto the banister and thus is not in the position of a person rushing headlong into a dark place, without properly looking or feeling her way. It follows that the question of contributory negligence was for the jury.

Judgment affirmed.