## Macalady, Appellant, *v.* Whelan Drug Company, Inc.

564

Argued September 27, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*William F. Quinlan,* for appellant.

*John Paul Erwin,* with him *James Paul Dornberger* and *George D. Sheehan,* for appellee.

OPINION BY WRIGHT, J., November 16, 1955:

Grace I. Macalady instituted an action in trespass against Whelan Drug Company, Inc. After a verdict in favor of plaintiff, the lower court granted defendant's motion for judgment n.o.v. This appeal followed.

Appellee operated a drug store at Germantown and Chelten Avenues in the City of Philadelphia. The lobby entrance to the store was recessed approximately ten feet from the building line, with the side walls of the lobby constructed of curved glass display windows. In the center of the lobby appellee placed a white weighing scale approximately four feet high. This scale had a black base, the rear feet of which extended out slightly from the sides. The sides themselves extended out a similar distance near the top of the scale. On the afternoon of Saturday, September 29, 1951, appellant entered the store to make a purchase. She had been in the store frequently. She knew the scale was

there. She saw it on her way in. Appellant testified that, when she left the store, there were some thirty or forty people "milling around" in the lobby area and looking in the display windows. Appellant again observed the scale, attempted to go around it without looking down, and tripped over the feet at the bottom.

Appellant's statement of the question involved is as follows: "Did the learned trial judge err in entering judgment n.o.v. on the theory that the uncontradicted evidence offered on behalf of the plaintiff failed to establish defendant's negligence and did, as a matter of law, convict the plaintiff of contributory negligence".

The following language of the Supreme Court in *Burckhalter v. Woolworth Co.*, 340 Pa. 300, 16 A. 2d 716, is particularly appropriate: "The burden of establishing actionable negligence was upon plaintiffs, since its presence was not to be presumed from the mere fact that the injury was caused by a fall at the entrance of the store . . . In this connection the law is well-settled that the owner of land upon which persons come by invitation, express or implied, must maintain it in a reasonably safe condition for the contemplated uses and the purposes for which the invitation was extended, or to give warning of any failure to maintain them in that condition . . . It cannot be said, however, that the mere placing of a large platform scale in the entrance of a store involved an unreasonable risk to customers . . . This tall white object, of large proportions, so very close at hand, in broad daylight, could not have gone unnoticed by anyone paying attention when passing it". In *Wurster v. Armstrong,* 145 Pa. Superior Ct. 583, 21 A. 2d 650, citing the *Burckhalter* case, this court stated that "it is not negligence per se to maintain a platform scale in the aisle of a store". In the case at bar we all agree with Judge CRUMLISH

of the court below that "defendant's negligence in placing the scale outside its store has not been clearly shown".

Furthermore, as previously indicated, appellant testified that she saw the scale when she entered the store and that she saw it again as she was leaving. In *Simmonds v. Penn Fruit Co.*, 354 Pa. 154, 47 A. 2d 231, the Supreme Court said: "It is not necessary to discuss the possible negligence of defendant . . . because the contributory negligence of decedent in tripping over such an obvious thing as the scale relieves defendant of liability". If appellant in the case at bar had used ordinary care in looking down to clear the scale, she would not have tripped. Under the circumstances she was obviously guilty of contributory negligence.

Judgment affirmed.