**Earl J. MORAN and Lillian I. Moran**

v.

**PHILADELPHIA TRANSPORTATION COMPANY.**

**Civ. A. No. 19688.**

United States District Court
E. D. Pennsylvania.

May 27, 1958.

Seymour I. Toll, Richter, Lord & Levy, Philadelphia, Pa., for plaintiffs.

E. Walter Helm, 3rd, Philadelphia, Pa., for defendant.

CLARY, District Judge.

On June 23, 1954, the wife-plaintiff, Lillian I. Moran, tripped over a scale in the Philadelphia City Hall Broad Street Subway Station, suffering a fracture in the left arm with resultant injury to the left ulnar nerve. The case was tried to a jury on October 22–23, 1957, and a verdict was rendered in favor of the defendant. During the course of the testimony it developed that the conditions at the time of trial in the Broad Street Subway Station were identical with those existing on June 23, 1954. At the sug-

gestion of the Trial Judge, enthusiastically endorsed by the attorney for the plaintiffs, the jury was taken to the scene of the accident for a view of the surroundings. The jury returned a verdict in favor of the defendant. Within twenty-four hours the Trial Judge also visited the scene. It then became abundantly apparent why the verdict was rendered in favor of the defendant. Plaintiffs filed a timely motion for a new trial.

The Courts of Pennsylvania have held that it is not negligence per se to maintain a platform scale in a public passageway; Macalady v. Whelan Drug Co., Inc., 1955, 179 Pa.Super. 563, 117 A.2d 811; see also Burckhalter v. F. W. Woolworth Co., 1940, 340 Pa. 300, 16 A. 2d 716. The conditions existing at the place of the accident were such that no one could possibly trip over the scale, unless such person was entirely oblivious of his or her surroundings including the presence of the scale.

In support of the motion for a new trial counsel for plaintiffs asserts two trial errors. First, that he was not permitted to put into evidence in rebuttal an answer to an interrogatory wherein defendant stated the plaintiff had been examined by a physician on its behalf prior to trial, citing Pascarella v. Pittsburgh Rwys. Co., 1957, 389 Pa. 8, 131 A.2d 445. A copy of the Pascarella opinion was presented to the Trial Judge at the time the ruling was made. The Court does not, however, read that case as destroying the discretion of the Court in regulating trial procedures. 6 Wigmore § 1873; Glen Alden Coal Co. v. Commissioners, 1942, 345 Pa. 159, 173–174, 27 A.2d 239. At a conference in the Court anteroom, prior to the defendant's presentation of its case and while plaintiffs' case was still in progress, counsel for defendant stated that his only evidence would go to the issue of liability and not to the injuries, and that is all the testimony the defendant presented. Plaintiffs' counsel had every opportunity to make his offer in his case in chief and failed to do so. The Court in its discretion held it was improper under the particular circumstances of this case and still so rules.

The second reason advanced in the motion for a new trial is that the Court permitted counsel for defendant to comment upon the fact that plaintiffs' counsel had failed to produce two sisters of the husband-plaintiff, eyewitnesses to the accident, who were at the time of trial residents of the City of Philadelphia. No explanation for their absence was given. The argument of counsel thereon was fair, moderate and temperate. The charge of the Court thereon was actually favorable to the plaintiffs in that it did not state that the jury could have drawn unfavorable inferences from their absence. This reason is entirely without merit.

The plaintiffs, having lost on the issue of liability, are now trying to obtain a new trial on matters affecting damages. The Court sees no merit to these contentions. Plaintiffs' case was lost when the jury saw the conditions existing on the Subway Station platform.

The motion for a new trial, therefore, will be denied.