## Devine *v.* Hollander, Appellant.

Argued March 8, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Harry P. O'Neill, Jr.,* with him *Walsh and O'Neill,* for appellant.

*William J. Oliver,* with him *Oliver, Howell & Oliver,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

Plaintiff (appellee), a tenant in a multiple dwelling owned by appellant recovered a jury verdict against her landlord for personal injuries sustained when she fell in an area at the rear of the building as she was returning to her home after dark. This appeal is from the order of the court below refusing appellant's motion for judgment n.o.v. and entering judgment on the verdict.

The appellant offered no evidence at the trial and, since the appellee was awarded the verdict, the testimony offered by her and all reasonable inferences therefrom must be considered in the light most favorable to her.

Appellant operated a three-story building containing a storeroom on the first floor and four apartments above. Access to the apartments was by means of two stairways, one inside the building and one outside. The outside one ran alongside the building from the street up to the second floor level. From there it was necessary for a person using same to cross a small yard to the back porch on that level, from which another set of stairs rose to the third floor apartment occupied by appellee. Appellee used the outside passage regularly day and night rather than the inside one because the latter was steeper and involved more steps, which af-

fected her health and caused her to have a shortness of breath when she used same.

Appellee described the conditions of the yard area that she was required to cross to reach her apartment as being washed out, rough, with gravel and rocks, and containing two large stones, one being eleven by eight inches in dimension and protruding three to four inches out of the ground, the other being six by seven inches and protruding one and one-half to two inches out of the ground, and both located near a single concrete step which led up to the porch. The distance which she was required to travel between the corner of the building and the porch step was about four feet. The condition of this area was about the same from the time she moved into the premises in the fall of 1956 until the night she fell, March 30, 1957.

There was a light on an extension bracket at the top of the steps running along the building which illuminated those steps, as well as part of the yard area, and which was burning on the night of the accident. A light on the porch which could be turned on by appellee and other tenants when needed was also available. This light was not on when appellee fell, she not having turned it on when she left her home and not having reached the pull string which controlled it before she fell. The lighting conditions at the scene of her fall were testified by her as follows: "By the Court: Q. What was the condition of the ground where you fell as far as illumination was concerned? A. It was a shadow. Q. Was it light or dark? A. It was dark to me. Q. Could you see the ground? A. I was very careful. I could see it. but not as good as I should because it was a dark night. By Mr. Oliver: Q. Now, Mrs. Devine, you were aware of the nature of the ground where you were walking, were you not? A. Yes, sir."

Appellee was the only witness to her accident because she was alone at the time. The substance of her

testimony was that, as she was returning to her home from church with a pocketbook and a bag of groceries at about 8:40 p.m. on March 30, 1957, she encountered the stone or stones and, "I thought I could just like I did before, go over it. I traveled over it before." However, this night she struck it and either tripped or slipped on it, causing her to fall.

There appears to be sufficient evidence on which the jury could base a finding that defendant was negligent in permitting two stones to protrude one and one-half to four inches above ground at or near the point appellee would likely undertake to step upon the concrete step preparatory to mounting the porch floor, which point was in the direct route over the yard from the last step in the flight alongside the building to the porch. Appellant either knew about the condition or had constructive notice of its existence. Therefore, it was her duty as the one in control of that area of the property to make the area reasonably safe for the use intended for it by her tenants, including appellee.

The duty of a landlord of a multiple-tenant building, reserving control of the common approaches, such as sidewalks, passageways, etc., or parts of the building common to all tenants, such as the roof and walls, is to keep such approaches and parts reasonably safe for the use of tenants and their invitees and a landlord becomes liable where he either had actual notice of a defective condition therein or was chargeable with constructive notice, because had he exercised reasonable inspection he would have become aware of it. *Lopez v. Gukenback*, 391 Pa. 359, 137 A. 2d 771. See also Restatement, Torts, §360. This duty is applicable to paths, yards, unimproved roads, etc., as well as to those which have been improved. Restatement, Torts, §360, comment c; *Coles v. Schweppenheiser*, 83 Pa. Superior Ct. 490.

The major issue in this case, however, is whether or not the lessee's (appellee) knowledge of this existing condition bars her recovery. The ordinary rule in cases of this nature is stated in *Simmonds v. Penn Fruit Company*, 354 Pa. 154, 158, 47 A. 2d 231, 232, as follows: "Ordinarily 'no liability attaches for injuries from alleged dangers or defects which were obvious or known to the person injured, for, all that the law requires is that the premises be so constructed and maintained that they can be used without danger by persons using ordinary care for their own safety.' " However, notice of a defect is not always a bar to recovery and the ordinary rule is not always applied. This has been pointed out by Mr. Justice MUSMANNO speaking for the majority in *Morris v. Atlantic and Pacific Tea Company*, 384 Pa. 464, 470, 121 A. 2d 135, 139, as follows: "In the field of contributory negligence there is an area which although potentially dangerous is not prophetic of resultant mishap. A pedestrian may enter this area, if the exigencies of the moment require him to do so, and if injured therein, it cannot be said that he has convicted himself of contributory negligence as a matter of law. Then there is an area of obvious peril, where, regardless of necessity, the traveler is forbidden to enter, on pain of culpable contributory negligence should there be accident. These areas are not necessarily widely separated. They may be contiguous and even at times overlapping. It is for the jury to decide in which area the plaintiff was moving when events went awry." In that opinion he quotes from *Steck v. City of Allegheny*, 213 Pa. 573, 576, 62 A. 1115, 1116: ". . . when the testimony shows a defect of such character that the [premises] can be used with safety by the exercise of reasonable care notwithstanding its defective condition, it is not for the court, but for the jury, to determine whether the injured party

performed the duty required of him under the circumstances."

The present case does not come within the area of obvious peril. To use a passage with protruding stones would not indicate an inevitable mishap. On the contrary, it would indicate use with proper caution. Therefore, the question of due care was for the jury. That being the case, the issue of proper choice of way was also for the jury. Reference is made to the quotation from *Sculley v. City of Philadelphia*, 381 Pa. 1, 12, 112 A. 2d 321, 326, contained in *Morris v. Atlantic and Pacific Tea Company*, supra, ". . . If the alternative route had dangers of its own and the dangers of the route actually taken are not so great and obvious as to deter ordinarily prudent and careful people from using it, the question of contributory negligence is for the jury." The alternate route in this case had its risks because of the number of steps and their steepness. To appellee, a woman who had been ill and was subject to shortness of breath, this was a reasonable deterrent from using the inside passage and a compelling one for using the outside one. Under these circumstances, she cannot be declared guilty of contributory negligence as a matter of law. *Ellis v. Drab*, 373 Pa. 189, 94 A. 2d 189; *Schaut v. St. Marys Borough*, 141 Pa. Superior Ct. 388, 14 A. 2d 583. Further, although a person may be declared guilty of contributory negligence when he wanders around in darkness in a place where he has no reason to be, such a declaration will not be made if he has a fairly compelling reason to be there and the place is not utterly devoid of light. *Dively v. Penn-Pittsburgh Corporation*, 332 Pa. 65, 2 A. 2d 831; *Hall v. Glick*, 177 Pa. Superior Ct. 546, 110 A. 2d 836. In the present case the evidence indicates that appellee was proceeding in shadow or reduced light and not total darkness, as in *Luther v. Kline*, 145 Pa. Superior Ct. 188, 21 A. 2d 138.

There remains the question of determining whether appellee by her own testimony indicated as a matter of law that she failed to use due care in safeguarding herself from the risk of the protruding stones. It is only in clear cases whenever the facts are undisputed and but one inference can be drawn therefrom that the court may declare a party guilty of contributory negligence judicially. *Usher v. Pittsburgh & Lake Erie Railroad Company*, 340 Pa. 234, 16 A. 2d 387; *Cunningham v. Spangler*, 123 Pa. Superior Ct. 151, 186 A. 173. In the present case more than one inference may be drawn. It might be said that appellee did not use due care because she did not turn on the porch light before she left home, realizing the condition existed and that she would be confronted with it after dark on her return home; or that she did not try to avoid the stone by stepping aside and advancing onto the porch at a point removed from same or even by stepping on it. On the other hand, it might be said that she was using due care when she was watching as much as she could in the shadow, and exercised good judgment by stepping over the protruding stone although inadvertently stepping on it. Therefore, this final question was likewise for the jury.

We have closely reviewed the cases cited by appellant in her brief and find them readily distinguishable or reconcilable with this opinion.

Judgment affirmed.