## Baker *v.* Hupert, Appellant.

424

Submitted December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Amos Davis,* for appellant.

*Bernard Jubelirer,* for appellee.

OPINION BY WATKINS, J., March 22, 1961:

This appeal is from the refusal by the Court of Common Pleas of Blair County of the motion by appellant for a judgment non obstante veredicto after verdict rendered for the plaintiff in an automobile accident case.

We need only to consider whether or not appellant, Patrick D. Rupert, is entitled to a judgment

n.o.v. In this consideration we must view the testimony in the light most advantageous to the appellee, giving to him the benefit of every inference that might reasonably be deduced from the evidence and resolving all conflicts in his favor. *Koehler v. Schwartz,* 382 Pa. 352, 115 A. 2d 155 (1955); *Beatty v. Hoff,* 382 Pa. 173, 114 A. 2d 173 (1955).

The salient facts appear to be as follows: Plaintiff's agent on May 20, 1957, at or about 10:45 o'clock a.m., while traveling from one field to another, driving a farm tractor to which was attached a silage wagon was required to travel in a southerly direction on State Highway Route No. 36. The roadway was straight and level at the point of contact. A solid white line extended for a distance of 200 feet from the point of the accident backward. This highway was a two-lane macadam road. While proceeding in a southerly direction on said route No. 36, plaintiff's tractor was being followed by a large dump truck, when at a point some sixty to seventy-five feet away from the place where he intended to turn left into the other field, the plaintiff's agent stood up on the tractor, extended his left hand straight out with his finger pointing in the direction which he intended to turn and he held this position while traveling some fifty or sixty feet. He then assumed his seat on the tractor, reduced his speed and checked traffic in the northbound lane for traffic coming in either direction. Seeing none, he proceeded to begin his turn. At this time the appellant began to pass the large dump truck, saw the tractor begin his turn, slammed on his brakes but could not stop in time to avoid the collision, striking the tractor of the plaintiff and causing considerable damage. The testimony disclosed that the skid marks made by the defendant's car began 180 feet back from the point of contact and continued beyond that point for 66 feet.

The negligence of the defendant is apparent and admitted. Our only consideration is whether or not the agent of the plaintiff was contributorily negligent. Ordinarily, the question of contributory negligence is for the jury. It is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals would not disagree as to its existence, that it may be declared judicially. *Malitovsky v. Harshaw Chemical Co.*, 360 Pa. 279, 61 A. 2d 846 (1948); *Downey v. Rymorowicz*, 397 Pa. 205, 154 A. 2d 179 (1959).

The court below admits that there was weakness in the plaintiff's testimony if it stood alone and the record supports this comment, but as Judge KLEPSER, of the court below, points out, the jury had before it the entire record. "As the verdict was in the plaintiff's favor, the evidence must be considered in the light most favorable to him, and all inferences therefrom favorable to him must be taken as true, and all unfavorable to him, if depending on testimony, must be rejected. And this does not mean only evidence adduced by him . . . He is entitled to the benefit of the testimony favorable to him on both sides, not merely his own." *Holland v. Kohn*, 155 Superior Ct. 95, 38 A. 2d 500 (1944).

The jury having found the plaintiff to be free of contributory negligence we are unable, under the facts of this case, to say that the appellee was guilty of contributory negligence as a matter of law. It appears that under the circumstances the agent of the appellee did what was required of a reasonable and prudent operator of a motor vehicle.

Order affirmed.