ESTHER C. PRICE and WILLIAM W. PRICE, Plaintiffs, v. WALTER A. CROWL, CROWL CONSTRUCTION CORP., and KINNAMON, TAYLOR & DAWES, INC., Defendants.

(*November* 21, 1961.)

STIFTEL, J., sitting.

*Harold Leshem* and *H. B. Rubenstein* (of Leshem and Rubenstein) for plaintiffs.

*Joseph H. Flanzer* and *Alfred M. Isaacs* (of Flanzer and Isaacs) for defendants.

Superior Court for New Castle County, No. 208, Civil Action, 1960.

STIFTEL, J.:

Defendants move for summary judgment on the deposition and affidavits of the Prices and the affidavits of architects Fridtjof Tobiessen and Daniel Moffler, contending that the injured plaintiff was contributorily negligent as a matter of law. The facts upon which this motion is based are as follows:

Plaintiffs, husband and wife, visited the Fairville Hills Development, on the Kennett Pike, Pennsylvania, on Sunday, April 26, 1959, at approximately three o'clock in the afternoon, and decided to view the "Wedgewood" ranch sample home. Mr. Price opened the door of the sample home and allowed his wife to precede him into the house, where they were immediately greeted by the hostess, who extended her hand toward Mrs. Price and offered her a brochure of the house. The area in which the Prices entered might be described as a hallway or foyer, which led to a living room off to the left of the hallway, and which was one step below the level of the hallway. There was no furniture in the house at the time of the visit and the area was fairly well lighted. Mrs. Price was engaged in conversation with the hostess and was standing facing her at a distance of approximately one foot from her, near the step-down from the hallway into the living room. She did not see the step and after the hostess had invited her to see the entire house and had concluded her conversation with her, Mrs. Price turned slightly to the left, and her left foot slipped out from under her and she fell into the living room, suffering severe injuries. Mrs. Price had never been into a ranch house which had a "sunken living room" and had no reason to suspect that this house was constructed in a way other than the way ranch houses were generally constructed. Prior to her fall, she had not seen the step-down, nor did the hostess warn her of its position. There was no sign which would lead her to expect that a step existed between the hall-

way and the living room and there was no railing to the left or right of the step-down.

Defendants contend that the plaintiff Esther C. Price had a duty to keep a proper lookout and to see what was clearly to be seen, namely, the step leading down from the hallway to the living room. Her failure so to observe, defendants claim, was such conduct as to bar her recovery and her husband's recovery for consequential damages as a matter of law.

■ The accident occurred in Pennsylvania and the law of that State applies. *Gorman v. Murphy Diesel Co.*, 3 *Terry* 149, 29 *A.* 2d 145, 146.

■■ Ordinarily, no liability attaches for injuries from alleged dangers or defects which were obvious or known to the person injured. *Simmonds v. Penn Fruit Company*, 354 *Pa.* 154, 47 *A.* 2d 231, 232; 65 *C. J. S.* Negligence § 121, pp. 727, 728. The law requires only that premises be so constructed that they can be used without danger by persons exercising ordinary care for their own safety. *Wessner v. Blue Ridge Transp. Co.*, 338 *Pa.* 161, 12 *A.* 2d 559, 560. In suits arising out of falls on step-downs or similar changes in floor level in stores or other places of business, the courts in Pennsylvania have ofttimes held the injured person guilty of contributory negligence[1] as a matter of law. *Strawhacker v. Stephen F. Whitman & Son, Inc.*, 147 *Pa. Super.* 33, 23 *A.* 2d 349. See, Anno: 65 *A. L. R.* 2d 471, 490-493. Many exceptions are noted. For example, plaintiff was held free of contributory negligence, where he was unable to see the unexpected step because the lighting was not reasonably adequate, *Stevenson*

---

[1]Many Pennsylvania cases have found the defendant free of any negligence. *Haddon v. Snellenburg et al.*, 293 *Pa.* 333, 143 *A.* 8 (not negligence *per se* or negligent construction to have one floor level at a lower level by a few inches than another); *Hixenbaugh et al. v. J. G. McCrory Co.*, 145 *Pa. Super.* 586, 20 *A.* 2d 910, 21 *A.* 2d 242 (difference in floor levels not negligent construction); 2 *Negligence in the Atlantic States*, Sec. 464.

*v. Pennsylvania Sports and Enterprises,* 372 *Pa.* 157, 93 *A.* 2d 236; *Kmiotek v. Anast,* 350 *Pa.* 593, 39 *A.* 2d 923; *Cathcart v. Sears, Roebuck & Company,* 120 *Pa. Super.* 531, 183 *A.* 113; *Haugh v. Harris Bros. Amusement Co.,* 315 *Pa.* 90, 172 *A.* 145; and where the management failed to exercise its duty of supervision and control to foresee probable injury and to prevent it by controlling the conduct of its invitees, *Sims v. Strand Theatre,* 150 *Pa. Super.* 627, 29 *A.* 2d 208. Also, the plaintiff was held free of any negligence where his attention was distracted from the step-down as he approached it. In *Bloomer v. Snellenburg,* 221 *Pa.* 25, 69 *A.* 1124, 21 *L. R. A., N. S.,* 464, the Court left to the jury the question of plaintiff's contributory negligence in failing to observe an incline in the aisle floor of defendant's store. The Court stated 69 *A.* at 1124):

"* * * It may be that the plaintiff, while looking at the goods around her rather than at the floor at her feet * * * was not using the caution which reasonably prudent persons would be expected to use under the circumstances, but that was a question * * * for the jury * * *".

See, also, 2 *Harper & James, The Law of Torts,* page 1492, n. 12; *Prosser on Torts,* p. 459, n. 63; but compare *Prusak v. Medvitz,* 43 *Luz. Leg. Reg. Rep.* 177; 65 *A. L. R.* 2d at page 493.

■ The evidence in the record most favorable to plaintiffs shows that plaintiffs had never before visited the premises, see *Clewell v. Pummer,* 384 *Pa.* 515, 121 *A.* 2d 459, 463, and that as soon as they entered the house they were greeted by an employed hostess who engaged their attention. There was a conversation with the hostess near the edge of the step-down. The hostess knew that the plaintiffs were going to inspect the entire house including the living room. No warning of the step was given to them, as they started to leave the hostess to go into the living room. The injured plaintiff said that she did not see the step nor did she have any reason to

suspect its existence because she had never seen a ranch house with such a design. An architect's affidavit supports her contention that she had no reason to suspect the presence of the step-down. It explains that as a matter of engineering practice, a one-step change in level between rooms is an inherently dangerous condition and not a standard design feature in an otherwise conventional ranch house. The affidavit of another architect to the contrary cannot be considered on this motion. See *Cutler v. Dushoff*, 192 *Pa. Super.* 37, 159 *A.* 2d 524, 526.

To take away the right of a plaintiff to go to a jury, the evidence of contributory negligence must be so clear and unmistakable that no reasonable basis exists to infer otherwise. *Baker v. Hupert*, 194 *Pa. Super.* 423, 168 *A.* 2d 635; *Thornton v. Aronoff*, 3 *Cir.*, 279 *F.* 2d 39; *Smith v. Penn Fruit, D. C. E. D. Pa.*, 134 *F. Supp.* 895. While it was the duty of the injured plaintiff to look where she was going, *Kline v. Keller*, 6 *Pa. Dist. & Co.* 2d 606, 6 *Cumb.* 130; nevertheless, she was required only to use that degree of care of an average reasonable person as required by the circumstances. *Mogren v. Gadonas*, 358 *Pa.* 507, 58 *A.* 2d 150, 152. A woman visiting for inspection a sample home, whose attention is temporarily distracted by a hostess, who engages her in conversation, may not be apt to break her concentration upon the hostess to search the floor for possible new designs. If by looking at the hostess and not at the floor, an invitee in a sample home is using the caution of a reasonably prudent person under the circumstances, is generally a question for a jury and not the Court.

Defendants' motion denied.