Joseph **SCHIAVONI**, Administrator of the Estate of William M. Corey, Deceased, Appellant,

v.

**HONUS WAGNER COMPANY,**
a corporation.

No. 17140.

United States Court of Appeals Third Circuit.

Argued May 24, 1968.

Decided June 21, 1968.

Rehearing Denied Aug. 5, 1968.

Theodore L. Moritz, Pittsburgh, Pa., for appellant.

Charles Kirshner, Rosenberg & Kirshner, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge, and KALODNER and STALEY, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Accidental drowning while scuba diving led to this diversity action under the Pennsylvania Wrongful Death Act against the dealer who rented the decedent the scuba diving equipment he was wearing. The failure of the defendant to include a neckstrap to hold the mouthpiece of the air hose in convenient proximity to the user's mouth was the negligence alleged. Beyond denying negligence, the defendant also asserted that the decedent was contributorily negligent. The case was tried to a jury.

At the conclusion of the plaintiff's case the court ruled that the plaintiff's own evidence established the decedent's contributory negligence and failed to establish negligence by the defendant. Accordingly, the court directed a verdict for the defendant. The plaintiff has appealed.

We agree with the district court that the plaintiff's own testimony established contributory neligence. The only witness to the accident was the decedent's diving companion who testified for the plaintiff. His was the only account of the way in which the accident occurred. He stated that both he and the decedent knew that there were quick release buckles on the body straps of the diving equipment but that, not knowing how to use the buckles, they had tied the straps as best they could. He then related that the decedent, while under water, intentionally or inadvertently removed his mouthpiece, swallowed some water, panicked, made an unsuccessful effort to remove his oxygen tank and supporting equipment which was weighing him down and, despite his companion's efforts to assist him, drowned. The witness also testified that, while facing the decedent under water, he himself retrieved the decedent's mouthpiece and attempted to hand it to him or return it to his mouth, but the decedent, apparently in panic, would not accept it.

■ This was substantial unrefuted evidence of contributory negligence. However, the plaintiff argues that the statutory presumption of Pennsylvania law in death cases that the decedent was exercising due care for self-preservation made the issue of contributory negligence a jury question despite the plain-

tiff's own uncontradicted evidence of the decedent's fault.

Our understanding of Pennsylvania law is to the contrary. "The presumption that a person who has lost his life exercised due care is not applicable where the plaintiff's own testimony clearly establishes the decedent's negligence." Allison v. Snelling & Snelling, Inc., 1967, 425 Pa. 519, 229 A.2d 861 (elevator operator falling into shaft). To the same effect are Rank v. Metropolitan Edison Co., 1952, 370 Pa. 107, 87 A. 2d 198, 55 A.L.R.2d 119 (farmer electrocuted while unfastening guy wires from electric power pole); Simmonds v. Penn Fruit Co., 1946, 354 Pa. 154, 47 A.2d 231 (woman tripping over scale in well-lighted store); Weldon v. Pittsburgh Rys. Co., 1945, 352 Pa. 103, 41 A.2d 856 (walking in front of streetcar without looking).

On the present record, the directing of a verdict was proper and the judgment must be affirmed.