■ PAULINE L. RAY et al., Appellants, v. CROWN DRUG STORES, INC., et al., Respondents.— In this action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered May 9, 1969, which, at the close of plaintiffs' case, dismissed the complaint. Judgment affirmed, with costs. Defendants Crown Drug Stores, Inc., and Crown Drug Stores Huntington, Inc., (Crown Drug) owned and operated a store in Huntington at the times mentioned in the complaint. In a well-lit vestibule of its store, defendant Crown Drug placed a coin-operated weighing scale for the use of its patrons. This scale was owned by defendant Klausner who had leased it to defendant Crown Drug. Plaintiff, Pauline L. Ray, was injured when she walked into the vestibule of Crown Drug and tripped over the platform of that scale. The evidence established that in walking through the vestibule plaintiff walked a few inches behind her daughter, following her path into the store. When plaintiff's daughter stepped to the left to permit a patron of the store to proceed to exit from the store, plaintiff, looking straight ahead and following her daughter, also stepped aside, but plaintiff's foot hit the platform of the scale. The scale was plainly visible; no part was hidden or obscured. It should have been seen by plaintiff if she had been reasonably alert to her surroundings in the vestibule. The placing by the defendant Crown Drug of the scale in the vestibule of its store at the place where plaintiff tripped over it did not involve an unreasonable risk to its customers. No negligence on its part, or on the part of defendant Klausner, the owner of the scale who had leased it to Crown Drug, had been established. (Cf. *Oldfield* v. *Neisner Bros.*, 285 App. Div. 1110; *Greene* v. *Sibley, Lindsay & Curr Co.*, 257 N. Y. 190; *Brodesky* v. *Kritzer*, 192 N. Y. S. 2d 882, 885; *Burckhalter* v. *Woolworth Co.*, 340 Pa. 300; *Engdal* v. *Owl Drug Co.*, 183 Wash. 100; *Wurster* v. *Armstrong*, 145 Pa. Super. Ct. 583; see, also, 61 ALR 2d 123, 132, 157.) In our view, *Denue* v. *Whelan Drug Stores* (266 N. Y. 477), relied on by plaintiffs is not applicable to the situation herein. In that case there

was evidence that the back of the weighing machine was obscured by a radiator enclosure which made the platform of the scale a hidden hazard. Martuscello, Acting P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.